# EXHIBIT A

**THOMAS M. ZISA, ESQ.**
**Attorney ID # 038501983**
11 Atlantic Street
Hackensack, New Jersey 07601
(201) 587-1957 phone
(201) 587-1954 facsimile
Attorney for Plaintiff
***tzisaesq@aol.com***

| | |
|---|---|
| **DAWN DOHERTY  F/K/A**<br>**DAWN FURLONG** | **SUPERIOR COURT NEW JERSEY**<br>**LAW DIVISION** |
| **Plaintiff** | **COUNTY OF BERGEN** |
| **v.** | **DOCKET NO.:** |
| **WELLS FARGO HOME MORTGAGE,**<br>**and/or WELLS FARGO BANK, WELLS**<br>**FARGO FINANCIAL SERVICES**<br>**COMPANY, WELLS FARGO AND**<br>**COMPANY and/or "JOHN DOE" or**<br>**"JANE DOE" (their names being fictitious**<br>**and unknown to Plaintiff) and/or**<br>**"XYZ CORP" (its name being fictitious**<br>**and unknown to Plaintiff)** | **CIVIL ACTION**<br><br>**COMPLAINT** |
| **Defendants** | |

Plaintiff, **DAWN DOHERTY F/K/A DAWN FURLONG**, residing at 27 Woods

Ave., in the Borough of Bergenfield, County of Bergen, and State of New Jersey, by way

of Complaint of against the Defendants, say:

## FIRST COUNT

1.      On or about the 2011, the plaintiff was the owner of the real property

commonly known as 42 South Demarest Ave., Bergenfield, NJ. At that time the plaintiff

was married and her married name was **DAWN FURLONG**.

2.      At all times relevant the plaintiff had a 1st mortgage with Wells Fargo Home Mortgage under account number 02001-28221 and at the same time had a 2nd mortgage loan with Wells Fargo under account number is 5421-74175-0001.

3.      On or about that same time the plaintiff was in the process of obtaining a divorce from her husband. The plaintiff knowing that she would be unable to make the monthly payments on the loans on her own after the divorce submitted an application for loan modification to the defendants **WELLS FARGO HOME MORTGAGE, and/or WELLS FARGO BANK, WELLS FARGO FINANCIAL SERVICES COMPANY, WELLS FARGO AND COMPANY and/or "JOHN DOE" or "JANE DOE" (their names being fictitious and unknown to Plaintiff) and/or "XYZ CORP" (its name being fictitious and unknown to Plaintiff) <u>Hereinafter referred to as "defendants" collectively</u>. At the time the plaintiff made application for the loan modification to the defendants the payments on both loans were current.**

4.      Subsequently the plaintiff's request for a loan modification was denied by the defendants.

5.      The plaintiff has since come to learn that her application for a loan modification was wrongfully denied and that her application for modification of her mortgage(s) and/or entry into a modification trial payment plan by the defendants should have been granted.

6.      As a result, of the defendant's denial of the plaintiff's application for loan modification; the plaintiff was unable to make payments on the outstanding loans and eventually lost the house to the defendants in foreclosure.

7.      As a result, the plaintiff suffered substantial financial losses, was deprived of the use and enjoyment of her home, was negatively impacted and lost substantial amounts of equity in her home that she would have otherwise benefited from.

**WHEREFORE**, the Plaintiff, **DAWN DOHERTY**, demands judgment against the Defendants for damages, costs of suit, interest and reasonable attorneys' fees.

## SECOND COUNT

1.      Plaintiff, **DAWN DOHERTY**, hereby repeats, reiterates and realleges the allegations contained in the previous counts of this Complaint as though fully set forth herein at length.

2.      The defendants wrongfully foreclosed and took back title to the plaintiffs property as a result of the their having improperly, incorrectly and/or wrongfully denied the plaintiff's application for modification of her mortgage(s) and/or entry into a modification trial payment;

3.      As a result, the plaintiff suffered substantial financial losses, was deprived of the use and enjoyment of her home, was negatively impacted and lost substantial amounts of equity in her home that she would have otherwise benefited from.

**WHEREFORE**, the Plaintiff, **DAWN DOHERTY**, demands judgment against the Defendants for damages, costs of suit, interest and reasonable attorneys' fees.

## THIRD COUNT

1.      Plaintiff, **DAWN DOHERTY**, hereby repeats, reiterates and realleges the allegations contained in the previous counts of this Complaint as though fully set forth herein at length.

2.      By wrongfully, denying the plaintiff's request for modification of her mortgage(s) and/or entry into a modification trial payment plan violated the provisions, rules and regulations of the U.S. Department of Treasury's Home Affordable Modification Program (HAMP) and/or Consumer Financial Protection Act and/or the Consumer Financial Protection Bureau; and/or the provisions, rules and regulations of the New Jersey Department of Banking and Insurance; and/or the provisions, rules and regulations of the New Jersey Division of Consumer Affairs; and/or the provisions, rules and regulations of the New Jersey Consumer Fraud Act; and/or the provisions, is and regulations of the New Jersey Homeowners Security Act; and/or other rules, regulations and laws both federal and state governing lending institutions.

3.      As a result, the plaintiff suffered substantial financial losses, was deprived of the use and enjoyment of her home, was negatively impacted and lost substantial amounts of equity in her home that she would have otherwise benefited from.

**WHEREFORE**, the Plaintiff, **DAWN DOHERTY**, demands judgment against the Defendants for damages, costs of suit, interest and reasonable attorneys' fees and seeks the imposition of all available remedies under the applicable legislative acts, rules and regulations set forth above.

## FOURTH COUNT

1.      Plaintiff, **DAWN DOHERTY**, hereby repeats, reiterates and realleges the allegations contained in the previous counts of this Complaint as though fully set forth herein at length.

2.      By wrongfully or incorrectly denying the plaintiff's application for modification of her mortgage(s) and/or entry into a modification trial payment; the

Defendant's breached their obligation to assist borrowers avoid foreclosure on their loans.

3.      As a result, the plaintiff suffered substantial financial losses, was deprived of the use and enjoyment of her home, was negatively impacted and lost substantial amounts of equity in her home that she would have otherwise benefited from.

**WHEREFORE**, the Plaintiff, **DAWN DOHERTY**, demands judgment against the Defendants for damages, costs of suit, interest and reasonable attorneys' fees.

<u>**FIFTH COUNT**</u>

1.      Plaintiff, DAWN DOHERTY, hereby repeats, reiterates and realleges the allegations contained in the previous counts of this Complaint as though fully set forth herein at length.

2.      At all times relevant the defendants breached their agreement with the Plaintiff to honestly, correctly and in good faith in review the plaintiff's application for modification of her mortgage(s) and/or entry into a modification trial payment.

3.      As a result, the plaintiff suffered substantial financial losses, was deprived of the use and enjoyment of her home, was negatively impacted and lost substantial amounts of equity in her home that she would have otherwise benefited from.

**WHEREFORE**, the Plaintiff, **DAWN DOHERTY**, deman Of shippedds judgment against the Defendants for damages, costs of suit, interest and reasonable attorneys' fees.

## SIXTH COUNT

1.      Plaintiff, **DAWN DOHERTY**, hereby repeats, reiterates and realleges the allegations contained in the previous counts of this Complaint as though fully set forth herein at length

2.      By denying the plaintiff's application for modification of her mortgage(s) and/or entry into a modification trial payment; failed to provide the plaintiff with loss mitigation options or alternatives as required.

3.      As a result, the plaintiff suffered substantial financial losses, was deprived of the use and enjoyment of her home, was negatively impacted and lost substantial amounts of equity in her home that she would have otherwise benefited from.

**WHEREFORE**, the Plaintiff, **DAWN DOHERTY**, demands judgment against the Defendants for damages, costs of suit, interest and reasonable attorneys' fees.

## SEVENTH COUNT

1.      Plaintiff, **DAWN DOHERTY**, hereby repeats, reiterates and realleges each and every allegation contained in the previous counts of this Complaint as though fully set forth herein at length.

2.      The defendants by negligence, gross negligence and/or fraud wrongfully denied the plaintiffs application for loan modification and/or entry into a modification trial payment.

3.      As a result, the plaintiff suffered substantial financial losses, was deprived of the use and enjoyment of her home, was negatively impacted and lost substantial amounts of equity in her home that she would have otherwise benefited from.

**WHEREFORE**, the Plaintiff, **DAWN DOHERTY**, demands judgment

against the Defendants for damages, costs of suit, interest and reasonable attorneys' fees.

                                              _____
                                              Thomas M. Zisa
                                              Attorney for Plaintiff

Dated:  December 15, 2023

## DESIGNATION OF TRIAL COUNSEL

      Pursuant to R:4:25-4, Thomas M. Zisa, Esq., is hereby designated as trial counsel

on behalf of the Plaintiff, **DAWN DOHERTY.**

                                              Thomas M. Zisa
                                            Attorney for Plaintiff

Dated:  December 15, 2023

## CERTIFICATION PURSUANT TO R:4:51

      I certify that the above matter and controversy is not the subject of any other

action pending in any Court or of a pending arbitration proceeding and I have no

knowledge that any other action or arbitration proceeding is contemplated.  To the best of

my knowledge, no other party should be joined in this action.

      I certify that the foregoing statements made by me are true.  I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.

                                              _____
                                              Thomas M. Zisa
                                            Attorney for Plaintiff

Dated: December 15, 2023

New Jersey Judiciary
Civil Practice Division

## Civil Case Information Statement (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1.
**Pleading will be rejected for filing, under Rule 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed.**

**New Jersey Courts**
www.njcourts.com

Independence • Integrity
Fairness • Quality Service

| For Use By Clerk's Office Only |
|---|
| Payment Type: ☐ ck  ☐ cg  ☐ ca |
| Chg/Ck No.: |
| Amount: |
| Overpayment: |
| Batch Number: |

| Attorney/Pro Se Name | Telephone No. | County of Venue |
|---|---|---|
| **Thomas M. Zisa Esq** | **(201) 587-1957** | **BERGEN** |

| Firm Name (if applicable) | Docket No. (when available) |
|---|---|
| | |

| Office Address | Document Type |
|---|---|
| **11 Atlantic Street** **Hackensack, NJ 07604** | **Complaint** |
| | Jury Demand      ☐ Yes   ☒ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| **DAWN DOHERTY, PLAINTIFF** | **DOHERTY, DAWN VS WELLS FARGO ET AL** |

| Case Type No. (See reverse side for listing) **599** | Are sexual abuse claims alleged? ☐ Yes  ☒ No | Is this a professional malpractice case?  ☐ Yes  ☒ No  If you have checked "Yes," see N.J.S.A. 2a:53a-27 and applicable case law regarding your obligation to file an affidavit of merit. |
|---|---|---|

| Does this case involve claims related to COVID-19?  ☐ Yes  ☒ No | Related Cases Pending?  ☐ Yes  ☒ No       If Yes, list docket numbers |
|---|---|

| Do you anticipate adding any parties (arising out of same transaction or occurrence)?  ☐ Yes  ☒ No | Name of defendant's primary insurance company (if known)                            Ⓢ None   ℮ Unknown |
|---|---|

| The Information Provided on This Form Cannot be Introduced into Evidence. |
|---|

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| Do parties have a current, past or recurrent relationship? ☒ Yes  ☐ No | If Yes, Is That Relationship ☐ Employer-Employee  ☐ Friend/Neighbor  ☐ Business ☐ Familial  ☒ Other (explain)  **MORTGAGE LENDER** |
|---|---|

| Does the statute governing this case provide for payment of fees by the losing party?  ☒ Yes  ☐ No |
|---|

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

| ♿ | Do you or your client need any disability accommodations ☐ Yes  ☒ No | if yes, please identify the requested accommodation: |
|---|---|---|
| | Will an interpreter be needed? ☐ Yes  ☐ No | if yes, for what language? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

ATTORNEY/SELF-REPRESENTED LITIGANT SIGNATURE

*Thomas M. Zisa, Esq.*

30 - Civil Case Information Statement (CIS)
Appendix XII-B1.  CN 10517.
Rev. 4/22    P6/22

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com    800.222.0510          Page 1

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

---

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**

| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM (coverage issues only) |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (briefly describe nature of action) |

**Track II — 300 days' discovery**

| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination LAD)) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603N | AUTO NEGLIGENCE - PERSONAL INJURY (non-verbal threshold) |
| 603Y | AUTO NEGLIGENCE - PERSONAL INJURY (verbal threshold) |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE - PROPERTY DAMAGE |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | TORT – OTHER |

**Track III — 450 days' discovery**

| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER/CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV — Active Case Management by Individual Judge/450 days' discovery**

| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 620 | FALSE CLAIMS ACT |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 635 | TASIGNA |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 636 | STRATTICE HERNIA MESH |
| 282 | FOSAMAX | 637 | SINGULAIR |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 638 | ELMIRON |
| 291 | PELVIC MESH/GYNECARE | | |
| 292 | PELVIC MESH/BARD | | |
| 293 | DEPUY ASR HIP IMPLANT LITIGATION | | |
| 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS | | |
| 299 | OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR | | |
| 300 | TALC-BASED BODY POWDERS | | |
| 601 | ASBESTOS | | |
| 624 | STRYKER LFIT CoCr V40 FEMORAL HEADS | | |
| 625 | FIREFIGHTER HEARING LOSS LITIGATION | | |
| 626 | ABILIFY | | |
| 627 | PHYSIOMESH FLEXIBLE COMPOSITE MESH | | |
| 628 | TAXOTERE/DOCETAXEL | | |
| 629 | ZOSTAVAX | | |
| 630 | PROCEED MESH/PATCH | | |
| 631 | PROTON-PUMP INHIBITORS | | |
| 632 | HEALTHPLUS SURGERY CENTER | | |
| 633 | PROLENE HERNIA SYSTEM MESH | | |
| 634 | ALLERGAN BIOCELL TEXTURED BREAST IMPLANTS | | |

**If you believe this case requires a track other than that provided above, please indicate the reason on page 1,**

**in the space under "Case Characteristics."**

**Please check off each applicable category**     ☐ **Putative Class Action**     ☐ **Title 59**     ☐ **Consumer Fraud**

---

30 - Civil Case Information Statement (CIS)
Appendix XII-B1.  CN 10517.
Rev. 4/22    P6/22

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com    800.222.0510    Page 2

# Addendum

1.  X

# Civil Case Information Statement

**Case Details: BERGEN | Civil Part Docket# L-006823-23**

**Case Caption:** ZISA THOMAS  VS WELLS FARGO HOME
MOR TGAGE

**Case Initiation Date:** 12/20/2023

**Attorney Name:** THOMAS M ZISA

**Firm Name:** THOMAS M. ZISA

**Address:** 11 ATLANTIC ST

HACKENSACK NJ 07601

**Phone:** 2015871957

**Name of Party:** PETITIONER : Zisa, Thomas, M

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Thomas M Zisa?** NO

**Are sexual abuse claims alleged by: Dawn Doherty?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/20/2023

Dated

/s/ THOMAS M ZISA

Signed

# EXHIBIT B



John S. Hogan
Bergen County Clerk

**Bergen County Clerk**
One Bergen County Plaza
Hackensack, NJ 07601
(201) 336-7000
www.bergencountyclerk.org/



INSTRUMENT # 16-101465

V 02482 2326

RECORDED DATE: 12/28/2016 08:52:02 AM

| | |
|---|---|
| **Document Type:**  Deed - Exempt | **Transaction #:** 7388001<br>**Document Page Count:** 7<br>**Operator Id:** CLERK |

| | |
|---|---|
| **RETURN TO:**<br>FORTUNE TITLE AGENCY INC<br>39 WOODLAND ROAD<br>ROSELAND  NJ  07068 | **SUBMITTED BY:** |

| PRIMARY NAME | SECONDARY NAME |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION | OU   WANG |

**ASSOCIATED DOCUMENT(S):**

| | |
|---|---|
| **MUNICIPALITY:** BERGENFIELD<br>**CONSIDERATION AMT:**  $0.00<br>**LOT:**  25<br>**BLOCK:**  107.01<br><br>**FEES / TAXES:**<br><br>Recording:          $103.00<br><br>**Total:**              $103.00 | **INSTRUMENT #:** 16-101465<br>**Recorded Date:** 12/28/2016 08:52:02 AM<br><br>I hereby CERTIFY that this document is recorded in the Clerk's Office in Bergen County, New Jersey.<br><br>John S. Hogan<br>**John S. Hogan**<br>**Bergen County Clerk** |

## OFFICIAL RECORDING COVER PAGE

Page 1 of 8

# PLEASE DO NOT DETACH
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

NOTE: If document data differs from cover sheet, document data always supersedes.
*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

```
16-101465    Deed - Exempt
V Bk: 02482 Pg: 2326-2333    Rec. Fee $103.00
John S. Hogan, Bergen County Clerk
Recorded 12/28/2016  08:52:02 AM
```

PREPARED BY:

ERIC S. KAPNICK, ESQ.
Fein, Such, Kahn & Shepard, P.C.

**DEED**

This Deed is made on ___12\7_____ , 2016, and delivered on_____

BETWEEN

**FEDERAL HOME LOAN MORTGAGE CORPORATION**, a corporation established by an enactment of the United States Congress, By Its Attorney-In-Fact, Fein, Such, Kahn & Shepard P.C., whose address is 5000 Plano Parkway, Carrollton, Texas 75010, referred to as the Grantor,

AND

**OU WANG**, whose post office address is 3543 12th Avenue, Brooklyn, New York 11218, referred to as the Grantee.

The words "Grantor and "Grantee" shall mean all Grantors and all Grantees listed above.

**Transfer of Ownership.** The Grantor grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of **ONE HUNDRED TWENTY-NINE THOUSAND, NINE HUNDRED AND 00/100 ($129,900.00) DOLLARS**. The Grantor acknowledges receipt of this money.

**Tax Map Reference.** (N.J.S.A.46:26A) Municipality of Bergenfield, County of Bergen, State of New Jersey, BLOCK NO: 107.01, LOT NO: 25

_____ No property tax identification number is available on the date of this deed. (check if applicable)

**Property.** The property consists of the land and all the buildings and structures on the land in the Borough of Bergenfield, County of Bergen, and State of New Jersey. The legal description is:

BEING MORE PARTICULARLY DESCRIBED ON SCHEDULE "A" ATTACHED HERETO AND MADE A PART HEREOF.

FIDELITY NATIONAL TITLE INSURANCE COMPANY
TITLE INSURANCE COMMITMENT

**SCHEDULE A Con't**
File Number: 294456FT1-1
**EXHIBIT A**
**LEGAL DESCRIPTION**

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the *Lot(s) 25, Block 107.01, Borough of Bergenfield, Bergen County*

Known and designated as Lots 277 and 278 on a certain map entitled "Map of Bergenfield Park, Borough of Bergen Fields, Bergen County, N.J." filed in the Bergen County Clerk's Office on March 4, 1903 as Filed Map No. 835. 1

Said premises are more particularly described in accordance with a survey dated November 30, 2005, prepared by Troast Surveying Assoc., Inc., as follows:

1 Beginning at a point in the northwesterly sideline of South Demarest Avenue, said point being distant 275.00 feet northeasterly from the intersection of the
said northwesterly sideline of Demarest Avenue with the northerly Sideline of Bedford Avenue, and running thence

1) North 85 degrees 07 minutes 30 seconds West, 99.81 feet to a point: thence

2) North 13 degrees 20 minutes 30 seconds East, 50.00 feet to a point; thence

3) South 85 degrees 07 minutes 30 seconds East, 99.81 feet to a point in the said northwesterly sideline of Demarest Avenue; thence

4) South 13 degrees 20 minutes 30 seconds West, along the same, 50.00 feet to the point and place *of* Beginning.

NOTE:    42 South Demarest Avenue, Lot(s) 25, Block 107.01, Borough of Bergenfield, Bergen County, State of NJ

NOTE:    Lot and Block shown for informational purposes only.

SCHEDULE "A"

Being known and designated as LOT 25, BLOCK 107.01, in the Borough of Bergenfield, County of Bergen and State of New Jersey.

Commonly known as: 42 S. Demarest Avenue, Bergenfield, New Jersey 07621

This property is conveyed subject to easements, restrictions of record, such facts as may be disclosed by an accurate survey and zoning ordinances and other governments/regulations affecting the property and its use.

BEING, the same premises conveyed to the within Grantor by deed from the Sheriff of Bergen dated 07/18/2016, recorded on 11/18/2016, as instrument # 16-088707, in Deed Book 02439, Page 0533-0544, in the Bergen County Clerk's Office.

**THE POWER OF ATTORNEY WAS PREVIOUSLY RECORDED IN THE BERGEN COUNTY CLERK'S OFFICE ON 08/11/2014 IN BOOK 1726, ON PAGE 330.**

**Promises by Grantor.**  The Grantor promises that the Grantor has done no act to encumber the property.  This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6).  This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

**Signatures.**  The Grantor signs this Deed as of the date at the top of the first page.

ATTESTED BY:

FEDERAL HOME LOAN MORTGAGE
CORPORATION, By Its Attorney-In-Fact,
Fein, Such, Kahn & Shepard P.C.

By: Rebecca C. Sutch, Witness

By: ERIC S. KAPNICK, ESQ.

FEIN, SUCH, KAHN, & SHEPARD, PC
ATTORNEYS IN FACT FOR
FEDERAL HOME LOAN MORTGAGE
CORPORATION
BY ERIC S. KAPNICK, ESQ.

STATE OF NEW JERSEY, COUNTY OF MORRIS, SS:

I CERTIFY, that on December 7th , 2016, ATTORNEY, ERIC S. KAPNICK, ESQ., personally came before me and acknowledged under oath, to my satisfaction that:

    (a) this person is the Attorney-In-Fact of Federal Home Loan Mortgage Corporation, the corporation in this Deed;
    (b) this person executed this deed as his own act as Attorney-In-Fact for Federal Home Loan Mortgage Corporation
    (c)the full and actual consideration paid or to be paid for the transfer of title is $129,900.00(such consideration is defined in N.J.S.A. 46:15-5)

Signed and sworn to before me on
DEC               2016

NOTARY PUBLIC OF NEW JERSEY

FRANK E. FERRUGGIA, JR.
ATTORNEY AT LAW
STATE OF NEW JERSEY

**DEED**

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

Grantor.

TO

OU WANG ,

Grantee.

Dated: 12|7 , 2016
Record and Return to:

RECORD AND RETURN TO:
FORTUNE TITLE AGENCY, INC.
39 WOODLAND ROAD
ROSELAND, NJ 07068

294456FT-1



State of New Jersey
## SELLER'S RESIDENCY CERTIFICATION/EXEMPTION

GIT/REP-3
(9-2015)

(Please Print or Type)

## SELLER'S INFORMATION

Name(s)

FEDERAL HOME LOAN MORTGAGE CORPORATION

Current Street Address

5000 PLANO PARKWAY

| City, Town, Post Office Box | State | Zip Code |
|---|---|---|
| CARROLLTON | TX | 75010 |

## PROPERTY INFORMATION

| Block(s) | Lot(s) | Qualifier |
|---|---|---|
| 107.01 | 25 | |

Street Address

42 S. Demarest Avenue

| City, Town, Post Office Box | State | Zip Code |
|---|---|---|
| Bergenfield | NJ | 07621 |

| Seller's Percentage of Ownership | Total Consideration | Owner's Share of Consideration | Closing Date |
|---|---|---|---|
| 100% | $129,900.00 | $129,900 - | 12/9/16 |

## SELLER'S ASSURANCES (Check the Appropriate Box)  (Boxes 2 through 14 apply to Residents and Nonresidents)

1. ☐ Seller is a resident taxpayer (individual, estate, or trust) of the State of New Jersey pursuant to the New Jersey Gross Income Tax Act, will file a resident gross income tax return, and will pay any applicable taxes on any gain or income from the disposition of this property.

2. ☐ The real property sold or transferred is used exclusively as a principal residence as defined in 26 U.S. Code section 121.

3. ☐ Seller is a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.

4. ☒ Seller, transferor, or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

5. ☐ Seller is not an individual, estate, or trust and is not required to make an estimated gross income tax payment.

6. ☐ The total consideration for the property is $1,000 or less so the seller is not required to make an estimated income tax payment.

7. ☐ The gain from the sale is not recognized for federal income tax purposes under 26 U.S. Code section 721, 1031, or 1033 (CIRCLE THE APPLICABLE SECTION).  If the indicated section does not ultimately apply to this transaction, the seller acknowledges the obligation to file a New Jersey income tax return for the year of the sale and report the recognized gain.
   ☐ Seller did not receive non-like kind property.

8. ☐ The real property is being transferred by an executor or administrator of a decedent to a devisee or heir to effect distribution of the decedent's estate in accordance with the provisions of the decedent's will or the intestate laws of this State.

9. ☐ The real property being sold is subject to a short sale instituted by the mortgagee, whereby the seller agreed not to receive any proceeds from the sale and the mortgagee will receive all proceeds paying off an agreed amount of the mortgage.

10. ☐ The deed is dated prior to August 1, 2004, and was not previously recorded.

11. ☐ The real property is being transferred under a relocation company transaction where a trustee of the relocation company buys the property from the seller and then sells the house to a third party buyer for the same price.

12. ☐ The real property is being transferred between spouses or incident to a divorce decree or property settlement agreement under 26 U.S. Code section 1041.

13. ☐ The property transferred is a cemetery plot.

14. ☐ The seller is not receiving net proceeds from the sale. Net proceeds from the sale means the net amount due to the seller on the settlement sheet.

## SELLER'S DECLARATION

The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein may be punished by fine, imprisonment, or both.  I furthermore declare that I have examined this declaration and, to the best of my knowledge and belief, it is true, correct and complete.  By checking this box ☐ I certify that a Power of Attorney to represent the seller(s) has been previously recorded or is being recorded simultaneously with the deed to which this form is attached.

| 12/7/16 | | FEIN, SUCH, KAHN, & SHEPARD, PC |
|---|---|---|
| Date | (Seller)  Please indicate if Power of Attorney | ATTORNEYS IN FACT FOR FEDERAL HOME LOAN MORTGAGE CORPORATION BY ERIC S. KAPNICK, ESQ. |
| | Signature | |

| | | |
|---|---|---|
| Date | Signature | |
| | (Seller)  Please indicate if Power of Attorney or Attorney in Fact | |

RTF-1 (Rev. 7/14/10)
MUST SUBMIT IN DUPLICATE
STATE OF NEW JERSEY
**AFFIDAVIT OF CONSIDERATION FOR USE BY SELLER**
(Chapter 49, P.L.1968, as amended through Chapter 33, P.L. 2006) (N.J.S.A. 46:15-5 et seq.)
**BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS FORM.**

STATE OF NEW JERSEY

COUNTY    BERGEN    }SS. County Municipal Code  0203

| FOR RECORDER'S USE ONLY |
|---|
| Consideration $ |
| RTF paid by seller $ |
| Date    By |

MUNICIPALITY OF PROPERTY LOCATION  Borough of Bergenfield    *Use symbol "C" to indicate that fee is exclusively for county use.

(1) PARTY OR LEGAL REPRESENTATIVE (Instructions #3 and #4 on reverse side)

Deponent,  ERIC S. KAPNICK, ESQ. , being duly sworn according to law upon his/her oath,
(Name)
deposes and says that he/she is the LEGAL REPRESENTATIVE in a deed dated 12/7/16 transferring
(Grantor, Legal Representative, Corporate Officer, Officer of Title Company, Lending Institution, etc.)

real property identified as Block number 107.01 Lot number 25 located at

42 S. Demarest Avenue, Bergenfield, NJ 07621 and annexed thereto.
(Street Address, Town)

(2) CONSIDERATION $ 129,900.00 (Instructions #1 and #5 on reverse side) ☐ no prior mortgage to which property is subject.

(3) Property transferred is Class 4A  4B  4C (circle one). If property transferred is Class 4A, calculation in Section 3A below is required.

(3A) REQUIRED CALCULATION OF EQUALIZED VALUATION FOR ALL CLASS 4A (COMMERCIAL) PROPERTY TRANSACTIONS:
(Instructions #5A and #7 on reverse side)
Total Assessed Valuation ÷ Director's Ratio = Equalized Assessed Valuation

$ ÷ % = $
If Director's Ratio is less than 100%, the equalized valuation will be an amount greater than the assessed value. If Director's Ratio is equal to or in excess of 100%, the assessed value will be equal to the equalized valuation.

(4) FULL EXEMPTION FROM FEE (Instruction #8 on reverse side)
Deponent states that this deed transaction is fully exempt from the Realty Transfer Fee imposed by C. 49, P.L. 1968, as amended through C. 66, P.L. 2004, for the following reason(s). Mere reference to exemption symbol is insufficient. Explain in detail.
(B) By or to the United States of America, this State, or any instrumentality, agency, or subdivision

(5) PARTIAL EXEMPTION FROM FEE (Instruction #9 on reverse side)
NOTE: All boxes below apply to grantor(s) only. ALL BOXES IN APPROPRIATE CATEGORY MUST BE CHECKED. Failure to do so will void claim for partial exemption. Deponent claims that this deed transaction is exempt from State portions of the Basic, Supplemental, and General Purpose Fees, as applicable, imposed by C. 176, P.L. 1975, C. 113, P.L. 2004, and C. 66, P.L. 2004 for the following reason(s):

A.  SENIOR CITIZEN   Grantor(s) ☐ 62 years of age or over.*(Instruction #9 on reverse side for A or B)
B. { BLIND PERSON   Grantor(s) ☐ legally blind or; *
    DISABLED PERSON Grantor(s) ☐ permanently and totally disabled ☐ receiving disability payments ☐ not gainfully employed*

Senior citizens, blind persons, or disabled persons must also meet all of the following criteria:
☐ Owned and occupied by grantor(s) at time of sale.   ☐ Resident of State of New Jersey.
☐ One or two-family residential premises.   ☐ Owners as joint tenants must all qualify.

*IN CASE OF HUSBAND AND WIFE, PARTNERS IN A CIVIL UNION COUPLE, ONLY ONE GRANTOR NEED QUALIFY IF TENANTS BY THE ENTIRETY.

C.  LOW AND MODERATE INCOME HOUSING (Instruction #9 on reverse side)
☐ Affordable according to H.U.D. standards.   ☐ Reserved for occupancy.
☐ Meets income requirements of region.   ☐ Subject to resale controls.

(6) NEW CONSTRUCTION (Instructions #2, #10, #12 on reverse side)
☐ Entirely new improvement.   ☐ Not previously occupied.
☐ Not previously used for any purpose.   ☐ "NEW CONSTRUCTION" printed clearly at top of first page of the deed.

(7) RELATED LEGAL ENTITIES TO LEGAL ENTITIES (Instructions #5, #12, #14 on reverse side)
☐ No prior mortgage assumed or to which property is subject at time of sale.
☐ No contributions to capital by either grantor or grantee legal entity.
☐ No stock or money exchanged by or between grantor or grantee legal entities.

FEIN, SUCH, KAHN, & SHEPARD, PC
ATTORNEYS IN FACT FOR
FEDERAL HOME LOAN MORTGAGE CORPORATION

(8) Deponent makes this Affidavit to induce county clerk or register of deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of Chapter 49, P.L. 1968, as amended through Chapter 33, P.L. 2006.
BY ERIC S. KAPNICK, ESQ.

Subscribed and sworn to before me
this ___ day of ___, 20 16

Signature of Deponent
ERIC S. KAPNICK FOR FHLMC
Grantor Name

7 CENTURY DR. PARSIPPANY,
Deponent Address
5000 Plano Parkway, Carrollton, TX
Grantor Address at Time of Sale

XXX-XXX- 7 8 6
Last three digits in Grantor's Social Security Number
Name/Company of Settlement Officer

FRANK E. FERRUGGIA, JR
ATTORNEY AT LAW
STATE OF NEW JERSEY

| FOR OFFICIAL USE ONLY |
|---|
| Instrument Number ___ County ___ |
| Deed Number ___ Book ___ Page ___ |
| Deed Dated ___ Date Recorded ___ |

County recording officers shall forward one copy of each RTF-1 form when Section 3A is completed to:
STATE OF NEW JERSEY
PO BOX 251
TRENTON, NJ 08695-0251
ATTENTION: REALTY TRANSFER FEE UNIT

The Director of the Division of Taxation in the Department of the Treasury has prescribed this form as required by law, and it may not be altered or amended without prior approval of the Director. For information on the Realty Transfer Fee or to print a copy of this Affidavit, visit the Division's website at:
www.state.nj.us/treasury/taxation/lpt/localtax.shtml.

# EXHIBIT C

# Case Summary

**Case Number:** BER L-006823-23

**Case Caption:** Zisa Thomas  Vs Wells Fargo Home Mor Tgage

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Bergen | **Case Initiation Date:** 12/20/2023 |
| **Case Type:** Contract/Commercial Transaction | **Case Status:** Active | **Jury Demand:** None |
| **Case Track:** 2 | **Judge:** David V Nasta | **Team:** 3 |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:** 0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** |

## Plaintiffs
### Dawn  Doherty

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Thomas M Zisa |
| **Address Line 1:** 27 Woods Ave | **Address Line 2:** 2Nd Floor | **Attorney Bar ID:** 038501983 |
| **City:** Bergenfield      **State:** NJ | **Zip:** 07621 | **Phone:** |
| **Attorney Email:** tzisaesq@aol.com | | |

## Petitioners
### Thomas M Zisa

| | | |
|---|---|---|
| **Party Description:** Attorney | | **Attorney Name:** Thomas M Zisa |
| **Address Line 1:** 11 Atlantic Street | **Address Line 2:** | **Attorney Bar ID:** 038501983 |
| **City:** Hackensack      **State:** NJ | **Zip:** 07601 | **Phone:** (201) 587-1957 |
| **Attorney Email:** tzisaesq@aol.com | | |

## Defendants
### Wells Fargo Home Mortgage

| | | |
|---|---|---|
| **Party Description:** Bank | | **Attorney Name:** Greyson K Van Dyke |
| **Address Line 1:** 1 Johnson Ave | **Address Line 2:** | **Attorney Bar ID:** 275552018 |
| **City:** Hackensack      **State:** NJ | **Zip:** 07601 | **Phone:** |
| **Attorney Email:** GVANDYKE@REEDSMITH.COM | | |

## Case Proceeding

| Created Date | Actual Time | Court Room | Judge Name | Proceeding Description | Motion Type | Proceeding Status | Motion Status |
|---|---|---|---|---|---|---|---|
| 02/02/2024 | 09:00 | REMOT | DAVID    V NASTA | MOTION HEARING | MOTION CORRECTING CLERICAL ERROR | PENDING | PG |

## Case Actions

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 12/20/2023 | Complaint for BER-L-006823-23 submitted by ZISA, THOMAS M, THOMAS M. ZISA on behalf of THOMAS M ZISA, DAWN DOHERTY against WELLS FARGO HOME MORTGAGE | LCV20233679018 | 12/20/2023 |
| 12/21/2023 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20233685619 | 12/21/2023 |
| 12/27/2023 | DEFICIENCY NOTICE: re: Complaint [LCV20233679018] -Data Submitted Does Not Match Documents - Attorney was entered as a plaintiff upon entry. A motion to Correct Meta Data is required to delete.  Two defendants and all fictitious parties are named but were not entered. | LCV20233717374 | 12/27/2023 |
| 01/03/2024 | NOTICE OF APPEARANCE - FIRST PLEADING submitted by VAN DYKE, GREYSON, K of REED SMITH LLP on behalf of WELLS FARGO HOME MORTGAGE against DAWN DOHERTY | LCV202424879 | 01/03/2024 |
| 01/05/2024 | MOTION CORRECTING CLERICAL ERROR submitted by ZISA, THOMAS, M of THOMAS M. ZISA on behalf of DAWN  DOHERTY against WELLS FARGO HOME MORTGAGE | LCV202448348 | 01/05/2024 |
| 01/08/2024 | The motion filed on 01/05/2024 will be decided on 02/02/2024. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: MOTION CORRECTING CLERICAL ERROR [LCV202448348] | LCV202458936 | 01/08/2024 |