**REED SMITH LLP**
*Formed in the State of Delaware*
Diane A. Bettino, Esq.
Greyson K. Van Dyke, Esq.
506 Carnegie Center, Suite 300
Princeton, New Jersey 08540
Tel (609) 987-0050
Fax (609) 951-0824
*Attorneys for Defendant Wells Fargo Bank, N.A., incorrectly identified separately as Wells Fargo Home Mortgage and/or Wells Fargo Bank, Wells Fargo Financial Services Company and Wells Fargo and Company*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWN DOHERTY F/K/A DAWN FURLONG,<br><br>       Plaintiff,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE, and/or WELLS FARGO BANK, WELLS FARGO FINANCIAL SERVICES COMPANY, WELLS FARGO AND COMPANY and/or "JOHN DOE" or "JANE DOE" (their names being fictitious and unknown to Plaintiff) and/or "XYZ CORP" (its name being fictitious and unknown to Plaintiff)<br><br>       Defendants. | Civil Action No. 2:24-cv-00362<br><br>DOCUMENT<br>ELECTRONICALLY FILED<br><br>*Motion Returnable:*<br>*May 20, 2024* |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
## WELLS FARGO BANK, N.A.'S MOTION TO DISMISS THE COMPLAINT

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ....................................................................1

BACKGROUND FACTS & PROCEDURAL HISTORY.........................................3

    The Origination of Plaintiff's Mortgage; Plaintiff's Default on the Mortgage; and the Foreclosure Action .............................................................3

    The *Ryder* Class Action in the United States District Court for the Southern District of Ohio ...................................................................4

    The *Ryder* Class Action and Settlement and Notices to Plaintiff and Mr. Furlong....................................................................................5

    The Southern District Court of Ohio's Order Approving Settlement and Notices to Class Members ..............................................................6

    The *Ryder* Class Action Settlement Payments to Plaintiff and Mr. Furlong....................................................................................7

    Plaintiff Files the Instant Complaint and Asserts Claims Against Wells Fargo that Are Barred by Virtue of the *Ryder* Class Action Settlement........8

LEGAL ARGUMENT ..............................................................................9

I.     STANDARD OF REVIEW ON A MOTION TO DISMISS.........................9

    A.     This Court Lacks Subject Matter Jurisdiction......................................9

    B.     The Complaint Fails To State A Claim Upon Which Relief May Be Granted................................................................................10

    C.     Plaintiff Failed To File Her Claims In The Proper Jurisdiction..........11

II.     PLAINTIFF'S COMPLAINT IS PRECLUDED BY THE *RYDER* CLASS ACTION AND THE SOUTHERN DISTRICT OF OHIO'S JANUARY 25, 2022 ORDER ................................................................12

III.     PLAINTIFF FAILS TO STATE A VIABLE CLAIM FOR RELIEF AGAINST WELLS FARGO ...................................................................16

    A.     Plaintiff's Claim for "Wrongful Foreclosure" Must Be Dismissed ................................................................................16

    B.     Count Three of the Complaint Constitutes an Impermissible Shotgun Pleading and Should be Dismissed.....................................18

    C.     Plaintiff's Vague Allegations for Breach of Contract Fail ................23

    D.     Plaintiff's Common Law Negligence and Fraud Claims Are Unsustainable ..........................................................................25

1.    Plaintiff's Negligence Claim Fails...........................................25

2.    Plaintiff Fails To State A Claim For Common Law Fraud ......28

IV.   PLAINTIFF FILED THE COMPLAINT IN AN IMPROPER
JURISDICTION AND SHOULD THEREFORE BE DISMISSED
PURSUANT TO RULE 12(b)(3). ...........................................................29

CONCLUSION ......................................................................................30

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adams v. U.S. Bank*,
    2010 WL 2670702 (E.D. Mich. July 1, 2010)....................................................21

*Aldrich Nine Assoc. v. Foot Locker Specialty, Inc.*,
    306 Fed. Appx. 723 (3d Cir. 2009)..................................................................12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................................11

*Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*,
    571 U.S. 49 (2013)..........................................................................................12

*Battle v. Liberty Nat'l Life Ins. Co.*,
    877 F.2d 877 (11th Cir. 1989) ........................................................................30

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................11

*Bonnco Petrol, Inc. v. Epstein*,
    115 N.J. 599 (1989) ........................................................................................28

*Brody v. Albert Lifson & Sons*,
    17 N.J. 383 (1955) ..........................................................................................26

*Castro v. NYT Television*,
    370 N.J. Super. 282 (App. Div. 2004)..............................................................22

*In re Cendant Corp. Sec. Litig.*,
    139 F. Supp.2d 585 (D.N.J. 2001)...................................................................23

*Cohen v. Kurtzman*,
    45 F.Supp.2d 423 (D.N.J. 1999).....................................................................10

*Conceicao v. National Water Main Cleaning Co.*,
    2015 U.S. Dist. LEXIS 83149, 2015 WL 3935077 (D.N.J. 2015)....................13

*Coyle v. Englanders*,
    199 N.J. Super. 212 (App. Div. 1985)..............................................................24

*In re Doctors Health, Inc.*,
No. 05-cv-01493-L, 2008 U.S. Dist. LEXIS 123727 (D. Md. Mar. 28, 2008) ..............................................................................30

*Edwards v. Aurora Loan Serv., LLC*,
791 F. Supp. 2d 144 (D.D.C. 2011)...................................................20

*In re Estate of Gabrellian*,
372 N.J. Super. 432 (App. Div. 2004)...............................................13

*Gennari v. Weichert Co. Realtors*,
148 N.J. 582 (1997) ......................................................................22, 28

*Glenfeld Financial Corporation v. Penick Corporation*,
276 N.J. Super. 163 (App. Div. 1994) ...............................................25

*Globe Motor Car Co. v. First Fid. Bank, N.A.*,
273 N.J. Super. 388 (Law. Div. 1993), *aff'd*, 291 N.J. Super. 428
(App. Div.), *cert. denied*, 147 N.J. 263 (1996)...................................26

*Goldberg v. Housing Authority of Newark*,
38 N.J. 578 (1962) ..............................................................................26

*Gonzalez v. Wilshire Credit Corp.*,
207 N.J. 557 (2011) ............................................................................21

*Gotthelf v. Toyota Motor Sales, U.S.A., Inc.*,
525 Fed. Appx. 94 (3d Cir. 2013).....................................................13

*Gould Elecs., Inc. v. United States*,
220 F.3d 169 (3d Cir. 2000) .................................................................8

*Gruccio v. Baxter*,
135 N.J. Super. 290 (Law Div. 1975)................................................22

*Haro v. Household Int'l*,
No. 03-cv-3558-DKC, 2004 U.S. Dist. LEXIS 25860 (D. Md. Dec. 21, 2004) ..........................................................................................29

*Hynson v. City of Chester Legal Dep't*,
864 F.2d 1026 (3d Cir. 1988) ............................................................19

*Int'l Minerals and Mining Corp. v. Citicorp N. Am.*,
736 F. Supp. 587 (D.N.J. 1990)........................................................27

*Kelly v. Gwinnell*,
   96 N.J. 538 (1984) ............................................................26

*Kernan v. One Wash. Park Urban Renewal Assocs.*,
   154 N.J. 437 (1998) ..........................................................26

*Krusinski v. U.S. Dept. Of Agriculture*,
   No. 92-4026, 1993 WL 346858 (6th Cir. Sept. 10, 1993)...........................19, 20

*Lee v. Carter-Reed Co.*,
   203 N.J. 496 (2010) ..........................................................21

*Lind v. Schmid*,
   67 N.J. 255 (1975) ...........................................................17

*Magnolia v. Conn. Gen. Life Ins. Co.*,
   157 F. Supp.2d 583 (D.Md. 2001).......................................30

*Marks v. Bank of Am., N.A.*,
   2010 WL 2572988 (D. Ariz. June 22, 2010)........................20

*Meier v. New Jersey Life Ins. Co.*,
   101 N.J. 597 (1986) ..........................................................24

*Murphy v. Implicito*,
   392 N.J. Super. 245 (App. Div. 2007)...............................24

*Nash v. New Jersey*,
   No. 22-1804, 2022 U.S. Dist. LEXIS 162038, 2022 WL 4111169
   (D.N.J. Sept. 8, 2022) .......................................................18

*National Community Bank of New Jersey v. G.L.T. Industries, Inc.*,
   276 N.J. Super. 1 (App. Div. 1994)...................................25

*New Jersey Protection & Advocacy, Inc. v. New Jersey Dept. of
   Educ.*,
   563 F.Supp.2d 474 (D.N.J. 2008)........................................9

*Opdycke v. Stout*,
   233 F. Appx 125 (3d Cir. 2007) .......................................19

*Paradise Hotel Corp. v. Bank of Nova Scotia*,
   842 F.2d 47 (3d Cir. 1988) ...............................................26

*Payan v. GreenPoint Mortgage Funding, Inc.*,
   681 F. Supp. 2d 564 (D.N.J. 2010)....................................21

*Pennington v. HSBC Bank USA, N.A.*,
  493 Fed.Appx. 548 (5th Cir. 2012) ...................................................25

*Pension Benefit Guar. Corp. v. White Consol. Indus.*,
  998 F.2d 1192 (3d Cir. 1993) .............................................................3

*Penwag Prop. Co., Inc. v. Landau*,
  76 N.J. 595 (1978) ...........................................................................17

*Peters v. Countrywide Home Loans, Inc.*,
  2016 WL 2869059 (D.N.J. 2016) .....................................................17

*Print Data Corp. v. Morse Fin.*,
  2002 U.S. Dist. LEXIS 14577, Case No. 01-cv-4430 (D.N.J. July
  12, 2002) ...........................................................................................12

*In re Prudential Ins. Co. of Am. Sales Practice Litig.*,
  261 F.3d 355 (3d Cir. 2001) ..............................................................13

*Pub. Serv. Enter. Group, Inc. v. Phila. Elec. Co.*,
  722 F. Supp. 184 (D.N.J. 1989) ........................................................23

*Rego Indus., Inc. v. Am. Modern Metals Corp.*,
  91 N.J. Super. 447 (App. Div. 1966) .................................................22

*Robey v. Sparc Grp. LLC*,
  A-50, 2024 N.J. LEXIS 255 (N.J. Mar. 25, 2024) ............................21

*Sacharow v. Sacharow*,
  177 N.J. 62 (2003) ............................................................................14

*Saltiel v. GSI Consultants, Inc.*,
  170 N.J. 297 (2002) ..........................................................................27

*Saporito v. Combustion Eng'g Inc.*,
  843 F.2d 666 (3d Cir. 1988), *vacated on other grounds*, 489 U.S.
  1049 (1989) .......................................................................................28

*In re Sharon O'Biso*,
  462 B.R. 147 (D.N.J. Bkrtcy. Ct. 2011) ...........................................25

*Shuman v. Computer Assoc. Int'l*,
  762 F. Supp. 114 (E.D. Pa. 1991) .....................................................12

*Simmons v. Countrywide Home Loans, Inc.*,
  2010 WL 2635220 (S.D. Cal. June 29, 2010) ...................................21

*Sinclair v. Citi Mortg., Inc.*,
    No. Civ.A.12-4261, 2013 WL 1010617 (3d Cir. Mar. 15, 2013) ...................24

*Slimm v. Bank of America*,
    2013 WL 1867035 (D.N.J. 1:12-cv-05846-NLH-JS, May 2, 2013) .................25

*State v. Redinger*,
    64 N.J. 41 (1973) ...........................................................................................14

*Stewart Title Guar. Co. v. Greenlands Realty LLC*,
    58 F. Supp. 2d 370 (D.N.J. 1999)...................................................................27

*Stolba v. Wells Fargo*,
    2011 WL 3444078 (D.N.J. Aug. 8, 2011) ......................................................25

*Sun Joon Park v. M&T Bank Corporation*,
    2010 WL 1032649 (D.N.J., March 16, 2010)..................................................27

*Tarus v. Pine Hill*,
    189 N.J. 497 (2007) ........................................................................................14

*Tedards v. Auty*,
    232 N.J. Super 541 (App. Div. 1989) .............................................................17

*Toscano v. Conn. Gen. Life Ins. Co.*,
    288 Fed. App'x 36 (3d Cir. 2008) ..................................................................13

*Twp. of Middletown v. Simon*,
    193 N.J. 228 (2008) ........................................................................................14

*United Jersey Bank v. Kensey*,
    306 N.J. Super. 540 (App. Div. 1997)............................................................26

*United States v. American Soc'y of Composers*,
    442 F.2d 601 (2nd Cir. 1971) .........................................................................30

*United States v. American Soc'y of Composers (In re Karmen)*,
    32 F.3d 727 (2nd Cir. 1994) ...........................................................................30

*Vasallo v. Bank of N.Y.*,
    No. 15-3227, 2016 U.S. Dist. LEXIS 47895 (D.N.J. 2016)............................17

*Velasquez v. Franz*,
    123 N.J. 498 (1991) ........................................................................................13

*Video Pipeline Inc. v. Buena Vista Home Entertainment, Inc.*,
  210 F. Supp.2d 552 (D.N.J. 2002) ..........................................................23

*Watkins v. Resorts Int'l Hotel and Casino, Inc.*,
  124 N.J. 398 (1991) ............................................................................13

*Weiland v. Palm Beach Cty. Sheriff's Off.*,
  792 F.3d 1313 (11th Cir. 2015) ....................................................18, 19

*Williamson v. Tucker*,
  645 F.2d 404 (5th Cir.), *cert. denied,* 454 U.S. 897 (1981) ..............10

*Wright v. City of Phila.*,
  Case No. 01-6160, 2005 WL 3091883 (E.D. Pa. Nov. 17, 2005) ......19

## Statutes

12 U.S.C. §5219(a)(1) .............................................................................20

## Rules

Fed. R. Civ. P. 9(b) ............................................................................21, 28

Fed. R. Civ. P. 12(b)(1) .....................................................................2, 9, 10

Fed. R. Civ. P. 12(b)(3) ...............................................................12, 29, 30

Fed. R. Civ. P. 12(b)(6) ..........................................................................10

## Other Authorities

5 Wright & Miller, *Federal Practice and Procedure* § 1202 (3d ed.
  2004) .....................................................................................................11

## **PRELIMINARY STATEMENT**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"), incorrectly named as Wells Fargo Home and/or Wells Fargo Bank, Wells Fargo Financial Services Company, and Wells Fargo and Company, respectfully moves to dismiss Plaintiff Dawn Doherty f/k/a Dawn Furlong's ("Plaintiff") Complaint pursuant to Rules 12(b)(1), (3) and (6).

Plaintiff filed this action against Wells Fargo and summarily alleges that Wells Fargo improperly denied her for a loan modification. Plaintiff claims that due to Wells Fargo's alleged error, she defaulted on the subject mortgage loan, resulting in a foreclosure action and loss of the subject property. Plaintiff's Complaint asserts several causes of action against Wells Fargo for alleged violations of state and federal regulations, as well as common law claims for breach of contract, negligence, and fraud.

However, Plaintiff's allegations were already the subject of a nationwide class action filed in the United States District Court for the Southern District of Ohio, captioned *Ethan Ryder, et al., v. Wells Fargo Bank, N.A.*, Case No. 1-19-cv-00638-TSB (the "*Ryder* Class Action"). The plaintiffs in the *Ryder* Class Action claimed that Wells Fargo erroneously denied loan modifications to homeowners between 2010 and 2018. The *Ryder* Class Action resulted in a settlement and all claims were dismissed, with prejudice.

As established herein, Plaintiff is a member of the *Ryder* Class Action; Plaintiff did not opt-out of the *Ryder* Class Action; and, Wells Fargo's settlement checks were issued to Plaintiff and her ex-husband, James Furlong.  Since Plaintiff is a class member of the *Ryder* Class Action, she is subject to the class action settlement and precluded from re-litigating her claims here.  To be clear, by virtue of the settlement in the *Ryder* Class Action, Plaintiff is permanently barred and enjoined from initiating, asserting, and/or prosecuting her claims against Wells Fargo.  Accordingly, the doctrines of *res judicata* and collateral estoppel enjoin Plaintiff's Complaint and all allegations of wrongdoing with respect to Wells Fargo's review of Plaintiff for a potential loan modification.

Putting aside the preclusive effects of the *Ryder* Class Action settlement, Plaintiff's allegations in the Complaint fail as a matter of law.  While the Court does not need to – nor should it – expend any more judicial resources on Plaintiff's precluded causes of action, the Court may nevertheless dismiss Plaintiff's claims for their failure to state a claim upon which relief can be granted.

Even if the Court should determine that Plaintiff's claims are not subject to dismissal under Rule 12(b)(1) or (6) – which they are – Plaintiff filed this action in the wrong jurisdiction.  In the *Ryder* Class Action, the Southern District of Ohio entered an Order on January 25, 2022 granting final approval of the class action settlement.  Pursuant to that Order, the Southern District of Ohio retains jurisdiction

over the subject matter of the settlement, the parties, and the settlement agreement. Any challenge with respect to the *Ryder* Class Action and/or the settlement must therefore be raised before the Southern District Court of Ohio.  Plaintiff did not file her Complaint in the Southern District Court of Ohio, which is independently fatal to her claims filed here in New Jersey.

For the reasons set forth at length below, Wells Fargo respectfully requests that the Court dismiss Plaintiff's Complaint, with prejudice.

## BACKGROUND FACTS & PROCEDURAL HISTORY

### The Origination of Plaintiff's Mortgage; Plaintiff's Default on the Mortgage; and the Foreclosure Action

On December 8, 2015, Plaintiff, and her then husband, James Furlong, executed a mortgage loan (the "Mortgage") in the amount of $263,500.00 with Mortgage Electronic Registration Systems Inc., as nominee for NJ Lenders Corp. *Certification of Greyson K. Van Dyke ("Van Dyke Cert.")* Ex. 1.[1]  The Mortgage was secured by real property located at 42 South Demarest Ave., Bergenfield, New Jersey 07621.  *Id.*  The Mortgage was recorded on December 27, 2005.  *Id.*

By way of an assignment of mortgage, on July 21, 2011, Mortgage Electronic Registration Systems Inc., as nominee for NJ Lenders Corp., assigned the Mortgage

---

[1] The attached exhibits are documents relied on in the pleadings or available in public records and therefore, may be properly relied upon by the Court in deciding this Motion.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

to Wells Fargo. *Van Dyke Cert. Ex. 1.* The assignment was recorded on July 21, 2011. *Id.*

Plaintiff failed to make the payments on the Mortgage and the loan went into default on February 1, 2011. *Id.* In light of the default, Wells Fargo commenced a foreclosure action on September 14, 2012, by filing a Complaint for Foreclosure with the New Jersey Superior Court, Bergen County, Chancery Division, under Docket No. 19877-12 (the "Foreclosure Action"). *Id.* Final Judgment was entered in the Foreclosure Action in Wells Fargo's favor on February 20, 2015. *Van Dyke Cert., Ex. 2.*

### The *Ryder* Class Action in the United States District Court for the Southern District of Ohio

On August 2, 2019, Ethan Ryder and others, on behalf of themselves and all others similarly situated, filed the *Ryder* Class Action in the Southern District of Ohio. *Van Dyke Cert., Ex. 3.* In the *Ryder* Class Action, the plaintiffs alleged that between 2010 and 2018, "Wells Fargo erroneously denied loan modifications … due to a calculation 'error' within the software it used to process loan modification." *Van Dyke Cert., Ex. 4 at 4.* Identical to the claims asserted by Plaintiff here, the plaintiffs in the class action alleged that Wells Fargo improperly denied them for loan modification, resulting in alleged damages, such as foreclosure proceedings and loss of their homes. *Compare generally, DE 1-1 and Van Dyke Cert., Ex. 4 at 4, 5.*

- 4 -

**The *Ryder* Class Action and Settlement and Notices to Plaintiff and Mr. Furlong**

Ultimately, a settlement was reached in the *Ryder* Class Action. *Van Dyke Cert., Ex. 3.* The Southern District Court of Ohio ordered that JND Legal Administration ("JND") serve as the Settlement Administrator in the *Ryder* Class Action. *See Supplemental Declaration of Ryan Bahry Regarding Furlong-Doherty Notice ("Bahry Decl.") ¶ 2.*

On August 26 and October 25, 2021, JND received information containing the names and mailing addresses for individuals identified as class members. *Id., ¶ 4.* This information identified Plaintiff and her ex-husband, James Furlong, as class members. *Id.* On October 15, 2021, JND mailed out the court-approved Class Notice (the "Notice") via USPS first-class mail to all Settlement Class Members, including a Notice to Plaintiff and Mr. Furlong to the Bergenfield, New Jersey property, which was the last known address of Plaintiff and Mr. Furlong. *Id., ¶ 4.* The Notice explicitly advised Plaintiff and Mr. Furlong of their right to opt out of the class action settlement and how to do so. *Bahry Decl., Ex. A at 5, 6.* The Notice also advised of the following:

**Your Legal Rights and Options in this Settlement:**

| | |
|---|---|
| **DO NOTHING** | Get a payment.  Give up rights. |
| **OBJECT** | Write to the Court about why you don't like the settlement. **The deadline for submitting a written objection is November 29, 2021.** |

| GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. **The Final Fairness Hearing is scheduled for January 25, 2022.** |
|---|---|
| EXCLUDE YOURSELF | Get no payment.  This is the only option that allows you to ever be a part of another lawsuit against Wells Fargo about the legal claims in this case.  **The deadline to exclude yourself is November 29, 2021.** |

*Bahry Decl., Ex. A.*  The Notice further advised Plaintiff and Mr. Furlong that "[u]nless you exclude yourself, you give up any right to sue Wells Fargo for the claims that this settlement resolves." *Id.*  The Notice was not returned to JND. *Bahry Decl., ¶ 5.*

The JND also established a Settlement Website with an email address and a case-specific toll-free number for this Settlement. *Bahry Decl., ¶ 9.*  Neither Plaintiff nor Mr. Furlong contacted the JND to opt out of the settlement. *Id.*

**The Southern District Court of Ohio's Order Approving Settlement and Notices to Class Members**

On January 11, 2022, a motion for final approval of class action settlement was filed in the *Ryder* Class Action, which was approved and granted by the Southern District of Ohio on January 25, 2022. *Van Dyke Cert., Exs. 4, 5.*  In its January 25, 2022 Order, the Southern District of Ohio specifically held that, "due and adequate notice was given in last 2021 to the potential class members of their right to be excluded from the Class." *Van Dyke Cert., Ex. 5 at 2.*  The Court in the Southern District of Ohio further held that the form and method for providing such Notice to the class "constituted the best notice practicable under the circumstances"

and was reasonably calculated to apprise class members, such as Plaintiff, of her rights to object to the settlement and/or opt out of the class action settlement. *Id.* The January 25, 2022 Order further provides that the Southern District Court of Ohio "has jurisdiction over the subject matter of the Settlement and all parties in this matter, the Settlement Agreement and Settlement." *Id.*

As a result of the approval of the class action settlement, the Southern District Court of Ohio "dismiss[ed] with prejudice … all of Plaintiffs' claims against Wells Fargo." *Id. at 5.* Specifically, the Order states:

> Wells Fargo is hereby released and forever discharged from any and all of the Released Claims. **All Class Members are hereby forever barred and enjoined from asserting, instituting or prosecuting, directly or indirectly, any of the Settlement Class Claims in any court or other forum against any of the Released Party**. All Class Members are bound by the Settlement Agreement and hereby are forever barred and enjoined from taking any action in violation of the Settlement Agreement.

*Id*. (emphasis added). The Order further provides that "Wells Fargo may file the Settlement Agreement and/or this Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel … or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim." *Id. at 5, 6.*

### The *Ryder* Class Action Settlement Payments to Plaintiff and Mr. Furlong

A settlement award check was initially mailed to Plaintiff and Mr. Furlong at the Bergenfield, New Jersey property on March 15, 2022. *See Bahry Decl., ¶ 6; see also Van Dyke Cert., Ex. 6.*[2]  The check was returned to the JND as undeliverable. *Bahry Decl., ¶ 6.*  JND then conducted an advance address research and identified an updated address located at 2494 NW 5th Ave., Boca Raton, Florida, 33431. *Id., ¶ 7.*  JND re-issued a new check and mailed it to Plaintiff and Mr. Furlong on April 20, 2022 via USPS to the Boca Raton, Florida, property. *Id., ¶ 7; see also Van Dyke Cert., Ex. 7.*  The re-issued check was not returned to the Settlement Administrator. *Id.*

On June 13, 2022, JND sent a reminder notice via USPS first class mail to Plaintiff and Mr. Furlong that the settlement check had not yet been cashed. *See Bahry Decl., ¶ 8.*  The reminder notice was not returned to the Settlement Administrator. *Id.*

**<u>Plaintiff Files the Instant Complaint and Asserts Claims Against Wells Fargo that Are Barred by Virtue of the *Ryder* Class Action Settlement</u>**

Nearly two years after the settlement in the *Ryder* Class Action, Plaintiff initiated the instant action by filing a Complaint on December 20, 2023 in the New Jersey Superior Court, Law Division, Bergen County. *DE 1-1.*  Plaintiff's

---

[2] The Court "may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

allegations in the Complaint mirror those asserted by the plaintiffs in the *Ryder* Class

Action. *Compare generally, DE 1-1 and Van Dyke Cert., Ex. 4 at 4, 5.*

Wells Fargo removed Plaintiff's Complaint to this Court on January 22, 2024.

*DE 1.* Wells Fargo now moves to dismiss Plaintiff's Complaint, with prejudice,

pursuant to Rules 12(b)(1), (3), and (6).

## LEGAL ARGUMENT

## I.    STANDARD OF REVIEW ON A MOTION TO DISMISS

The Federal Rules provide that a party may file a Motion to Dismiss a claim

for "lack of subject matter jurisdiction", "failure to state a claim upon which relief

can be granted" and/or for "improper venue."  Fed. R. Civ. P. 12(b)(1), (3), and (6).

Here, Plaintiff's Complaint is subject to dismissal because it is devoid of any factual

or legal basis, which would entitle her to relief under any of theory.  Notwithstanding

the preclusive effects and legal deficiencies with the Complaint's claims, Plaintiff

failed to file her claims in the proper jurisdiction.

### A.    This Court Lacks Subject Matter Jurisdiction

A defendant may move to dismiss a claim for lack of subject matter

jurisdiction under Fed. R. Civ. P. 12(b)(1) at any time.  *New Jersey Protection &*

*Advocacy, Inc. v. New Jersey Dept. of Educ.*, 563 F.Supp.2d 474, 479 (D.N.J. 2008)

(citations omitted).  "For a Rule 12(b)(1) motion addressing the existence of subject

matter jurisdiction, however, no presumptive truthfulness attaches to the allegations

of a plaintiff." *Cohen v. Kurtzman*, 45 F.Supp.2d 423 (D.N.J. 1999) (citations omitted). A court is not limited to the allegations contained in the Complaint, and may consider "[c]onflicting written and oral evidence . . . and a court may 'decide for itself the factual issues which determine jurisdiction.'" *Id. quoting Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897 (1981). Unlike a motion under Fed. R. Civ. P. 12(b)(6), "when subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Id.* (citations omitted).

In this case, Plaintiff has not and cannot establish subject matter jurisdiction. All of the alleged facts and claims contained within the Complaint are germane to those that were already asserted and settled in the *Ryder* Class Action. Since Plaintiff's claims against Wells Fargo concerning an alleged improper loan modification review has already been resolved and dismissed, with prejudice, by the Southern District Court of Ohio, the preclusive doctrines of *res judicata* and collateral estoppel bar Plaintiff's claims. This Court therefore does not have subject matter jurisdiction, and the Complaint should be dismissed pursuant to Rule 12(b)(1).

### B.    The Complaint Fails To State A Claim Upon Which Relief May Be Granted

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A complaint must contain more than "labels and conclusions," and the factual allegations "must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 544. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. at 555 n.3. Moreover, "Rule 8(a) 'contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'" *Id., quoting* 5 Wright & Miller, *Federal Practice and Procedure* §1202, pp. 94, 95 (3d ed. 2004).

A complaint must be dismissed for its failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 670; *quoting Twombly*, 550 U.S. at 570. Here, the Complaint is rife with the "blanket assertions of entitlement to relief" that the *Twombly* standard guards against. Accordingly, for the reasons set forth at length below, Plaintiff's Complaint fails to satisfy Rule 12(b)(6) and Rule 8(a) and must be dismissed.

### C.     **Plaintiff Failed To File Her Claims In The Proper Jurisdiction**

Rule 12(b)(3) authorizes dismissal of an action when it is filed in an "improper" venue. Fed. R. Civ. P. 12(b)(3); *see also Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). Once a defendant challenges the propriety of the venue and seeks dismissal under Rule 12(b)(3), the plaintiff bears the burden of proving that venue is proper. *Print Data Corp. v. Morse Fin.*, 2002 U.S. Dist. LEXIS 14577, Case No. 01-cv-4430, *14-15 (D.N.J. July 12, 2002); *see also Shuman v. Computer Assoc. Int'l*, 762 F. Supp. 114, 115 (E.D. Pa. 1991). The plaintiff must meet this burden and must demonstrate that venue is proper for each claim. *Id.*

## II. PLAINTIFF'S COMPLAINT IS PRECLUDED BY THE *RYDER* CLASS ACTION AND THE SOUTHERN DISTRICT OF OHIO'S JANUARY 25, 2022 ORDER

Through this action, Plaintiff seeks to hold Wells Fargo liable for an alleged error during Wells Fargo's review of Plaintiff's Mortgage for a loan modification; however, Plaintiff's claims were already disposed of in the *Ryder* Class Action. Since Plaintiff was a member of the *Ryder* Class Action (who did not opt out) and the Southern District of Ohio's January 25, 2022 Order unequivocally dismissed all claims, with prejudice, the Complaint is barred by the doctrines of *res judicata* and collateral estoppel.

"The term '*res judicata*' refers broadly to the common-law doctrine barring re-litigation of claims or issues that have already been adjudicated." *Aldrich Nine*

*Assoc. v. Foot Locker Specialty, Inc.*, 306 Fed. Appx. 723, 726 (3d Cir. 2009) (quoting *Velasquez v. Franz*, 123 N.J. 498, 505 (1991)); *see also Watkins v. Resorts Int'l Hotel and Casino, Inc.*, 124 N.J. 398, 409 (1991) ("[i]n essence, the doctrine of *res judicata* provides that a cause of action between parties that has been finally determined on the merits by a tribunal having jurisdiction cannot be re-litigated by those parties or their privies in a new proceedings."); *In re Estate of Gabrellian*, 372 N.J. Super. 432, 446 (App. Div. 2004) ("[r]es judicata . . . has the salutary purpose of preventing re-litigation of the same controversy between the same parties."). *Res judicata* applies "not only to matters <u>actually</u> determined in an earlier action, but to all relevant matters that <u>could have been so determined</u>." *Watkins*, 124 N.J. at 412-413 (citations omitted) (emphasis added).

A judicially approved settlement agreement is considered a final judgment on the merits for *res judicata* purposes. *See Conceicao v. National Water Main Cleaning Co.*, 2015 U.S. Dist. LEXIS 83149, 2015 WL 3935077, at *2 (D.N.J. 2015) (citing *Toscano v. Conn. Gen. Life Ins. Co.*, 288 Fed. App'x 36, 38 (3d Cir. 2008)). Additionally, "[i]t is well-settled that under the doctrine of *res judicata*, a judgment pursuant to a class settlement can bar later claims based on the allegations underlying the claims in the settled class action." *Gotthelf v. Toyota Motor Sales, U.S.A., Inc.*, 525 Fed. Appx. 94, 99, (3d Cir. 2013) (emphasis added) (citing *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 261 F.3d 355, 366 (3d Cir. 2001)).

Similarly, "collateral estoppel" is a preclusive doctrine that bars litigation of facts fully litigated and actually determined in a prior action involving a different claim or cause of action. *See Tarus v. Pine Hill*, 189 N.J. 497, 520 (2007) ("[c]ollateral estoppel, in particular, represents the "branch of the broader law of *res judicata* which bars re-litigation of any issue which was actually determined in a prior action, generally between the same parties, involving a different claim or cause of action.") (*quoting Sacharow v. Sacharow*, 177 N.J. 62, 76 (2003)). If an issue of ultimate fact has once been determined by a valid judgment, that issue cannot again be litigated between the same parties in any future lawsuit. *See State v. Redinger*, 64 N.J. 41, 45 (1973).

"To foreclose re-litigation of an issue based on collateral estoppel, the party asserting the bar must show that (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding." *Twp. of Middletown v. Simon*, 193 N.J. 228, 236 (2008).

Here, the alleged issue concerning Wells Fargo's erroneous loan modification review was fully adjudicated and resolved in the *Ryder* Class Action. It is irrefutable that proper and reasonable notice of the *Ryder* Class Action and settlement was

provided to Plaintiff. The Notice was mailed to Plaintiff and the co-borrower, James Furlong, explaining the class action, their rights and options, and what they needed to do to exclude themselves from the settlement. *Bahry Decl., Ex. A.* The Southern District Court of Ohio further held that the form and method for the Notice constituted the "best notice practicable under the circumstances" and was reasonably calculated to apprise class members, such as Plaintiff, of her rights to object to the settlement and/or opt out of the class action settlement. *Van Dyke Cert., Ex. 5 at 2.*

However, Plaintiff never submitted the requisite request to be excluded in order to contest this action. Indeed, Plaintiff elected to remain a member of *Ryder* Class Action, and received the benefit through a settlement payment. *Bahry Decl., ¶¶ 6-8; see also Van Dyke Cert., Exs. 6, 7.* Under the principles of *res judicata* and collateral estoppel, Plaintiff is bound by the *Ryder* Class Action.

This preclusive effect is further evidenced by the Southern District Court of Ohio's January 25, 2022 Order that explicitly provides that "Wells Fargo may file the Settlement Agreement and/or this Order in any action that may be brought against them **in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel** … or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. *Van Dyke Cert., Ex. 5 at 5, 6 (emphasis added).*

Accordingly, this Court should find that the doctrines of *res judicata* and collateral estoppel apply and precludes Plaintiff's Complaint in this action.

## III. PLAINTIFF FAILS TO STATE A VIABLE CLAIM FOR RELIEF AGAINST WELLS FARGO

Even if this Court were to determine that Plaintiff's claims are not barred by the *Ryder* Class Action settlement and the aforementioned preclusive doctrines – which they are – the Complaint fails to state a single cause of action for which relief can be granted; and therefore, must be dismissed.

In Counts Two through Seven, Plaintiff asserts various claims against Wells Fargo. However, Plaintiff's allegations are improperly and insufficiently pled. Nowhere is this more evident than in Count Three of the Complaint, where Plaintiff vaguely name drops more than half a dozen state and federal regulations with absolutely no context to how they could possibly apply to Plaintiff's claims. Putting aside this impermissible shotgun pleading approach, Plaintiff's allegations in the remaining Counts are equally deficient and fail to state a claim against Wells Fargo.

### A. Plaintiff's Claim for "Wrongful Foreclosure" Must Be Dismissed

In nothing more than a conclusory statement, Plaintiff claims in Count Two that Wells Fargo perpetrated a "wrongful foreclosed." *DE 1-1 at 3*. This allegation is essentially a claim for malicious prosecution. *DE 1-1 at 3*. Beyond Plaintiff's bare allegations, there is nothing that suggests that Wells Fargo maliciously prosecuted any foreclosure against Plaintiff. Moreover, malicious abuse of process

- 16 -

"is not a favored cause of action because of the policy that people should not be inhibited in seeking redress in the courts." *Penwag Prop. Co., Inc. v. Landau*, 76 N.J. 595, 597-98 (1978), *citing Lind v. Schmid*, 67 N.J. 255, 262 (1975). A party bringing an action for malicious use of process must prove that the original action complained of:

1.    Was brought without probable cause;
2.    Was actuated by malice;
3.    Was terminated favorably to plaintiff; and
4.    That plaintiff suffered a special grievance.

*Tedards v. Auty*, 232 N.J. Super 541, 549 (App. Div. 1989). A special grievance is said to encompass an interference with one's liberty or property. *Penwag Prop. Co., Inc.*, 76 N.J. at 598.

Furthermore, "[i]n New Jersey, wrongful foreclosure is not a recognized cause of action." *Peters v. Countrywide Home Loans, Inc.*, 2016 WL 2869059, *1-9, *3 (D.N.J. 2016) (citing *Vasallo v. Bank of N.Y.*, No. 15-3227, 2016 U.S. Dist. LEXIS 47895, *16 (D.N.J. 2016)). Beyond this dipositive point, Plaintiff cannot establish any of the elements of an abuse of process claim. The state court's entry of Final Judgment in the Foreclosure Action rebuts Plaintiff's claim and establishes that Wells Fargo had every right to foreclose on the Property and that the foreclosure was not terminated in favor of Plaintiff. *Van Dyke Cert., Ex. 2*.

As a result of the foregoing, even if the Court gives Plaintiff all reasonable inferences, any potential cause of action asserted within the Complaint for malicious prosecution and/or wrongful foreclosure must be dismissed, with prejudice.

**B.    Count Three of the Complaint Constitutes an Impermissible Shotgun Pleading and Should be Dismissed**

In Count Three, Plaintiff seemingly asserts more than half a dozen causes of action, without any context, in a single sentence.  This is an improper shotgun pleading.

Federal courts have found that a shotgun pleading can arise in any of the following circumstances: (i) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts," (ii) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (iii) **a complaint that does not separate "into a different count each cause of action or claim for relief**," or (iv) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (emphasis added); *see also Nash v. New Jersey*, No. 22-1804, 2022 U.S. Dist. LEXIS 162038, 2022 WL 4111169, at *2 (D.N.J. Sept. 8, 2022) (citing the factors in *Weiland*, 792 F.2d at 1321-23).  In these cases, such pleadings impose an onerous task on the Court and defendants to

- 18 -

speculate as to the allegations and sift out irrelevancies to determine which facts relate to which causes of action. *See Weiland*, 792 F.2d at 1323.

Shotgun pleadings are regularly criticized by the Third Circuit and fail to meet the pleading requirements of Rule 8. *See, e.g., Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988); *Opdycke v. Stout*, 233 F. Appx 125, 127 (3d Cir. 2007) (a "shotgun complaint usually creates a task that can be quite onerous for courts[.]") (citation and quotations omitted); *Wright v. City of Phila.*, Case No. 01-6160, 2005 WL 3091883, at *11 (E.D. Pa. Nov. 17, 2005) ("The Third Circuit … has a policy against Plaintiffs using a 'shotgun pleading approach' … and requires civil rights cases [to] be plead[ed] with considerable specificity."); *Krusinski v. U.S. Dept. Of Agriculture,* No. 92-4026, 1993 WL 346858, at *5 (6th Cir. Sept. 10, 1993) (A shotgun pleading is one that "throw[s] everything against the wall and hop[es] something sticks.").

In Count Three of the Complaint, Plaintiff alleges:

> By wrongfully, denying the plaintiff's request for modification of her mortgage(s) and/or entry into a modification trial payment plan violated the provisions, rules and regulations of the U.S. Department of Treasury's Home Affordable Modification Program (HAMP) and/or Consumer Financial Protection Act and/or the Consumer Financial Protection Bureau; and/or the provisions, rules and regulations of the New Jersey Department of Banking and Insurance; and/or the provisions, rules and regulations of the New Jersey Division of Consumer Affairs; and/or the provisions, rules and regulations of the New Jersey Consumer Fraud Act; and/or the provisions, is and regulations of the New Jersey Homeowners Security Act; and/or other rules,

regulations and laws both federal and state governing lending institutions.

*DE 1-1 at 4.* Despite consisting of a single sentence, Plaintiff manages to cram, what appears to be, seven (7) alleged causes of action against Wells Fargo for violations of various state and federal regulations. This is a classic example of a shotgun pleading because it consists of multiple claims under a single count without differentiation between the claims or how the alleged facts relate to each claim.

Plaintiff comingles more than half a dozen causes of actions in Count Three to throw everything against the wall in the hope that something might stick. This is improper and Count Three of the Complaint should be dismissed on the basis alone. *See Krusinski* 1993 WL 346858, at *5, *supra*.

Putting the pleading defects aside, the causes of action in Count Three are fatally deficient. For instance, regarding Plaintiff's allegations under the Home Affordable Modification Program ("HAMP"), Plaintiff's claim fails because she is not entitled to a loan modification. *See Edwards v. Aurora Loan Serv., LLC*, 791 F. Supp. 2d 144, 153 (D.D.C. 2011) ("Rather than requiring mandatory modifications, the statute only "encourage[s] the servicers of the underlying mortgages ... to take advantage of ... available programs to minimize foreclosures'") (quoting 12 U.S.C. §5219(a)(1))); *Marks v. Bank of Am., N.A.*, 2010 WL 2572988, at *2-4 (D. Ariz. June 22, 2010) ("Under the HAMP, a qualified borrower would not be reasonable in relying on an agreement between a participating servicer and the U.S. Department

of Treasury as manifesting an intention to confer a right on the borrower because the agreement does not require that the participating servicer modify eligible loans"); *Simmons v. Countrywide Home Loans, Inc*., 2010 WL 2635220, at *5 (S.D. Cal. June 29, 2010) ("the [HAMP Servicer Participation] Agreement does not require that [the lender] modify all eligible loans."); *Adams v. U.S. Bank*, 2010 WL 2670702, at *4 (E.D. Mich. July 1, 2010) ("homeowners do not have a right to a loan modification under HAMP.").

Plaintiff's vague allegations under the New Jersey Consumer Fraud Act are likewise deficient. A claim under the CFA consists of three elements: "(1) an unlawful practice, (2) an 'ascertainable loss,' and (3) 'a causal relationship between the unlawful conduct and the ascertainable loss.'" *Gonzalez v. Wilshire Credit Corp.*, 207 N.J. 557, 576 (2011) (*quoting Lee v. Carter-Reed Co.*, 203 N.J. 496, 521 (2010)). Like all claims of fraud, claims under the CFA are subject to a heightened pleading standard pursuant to *Fed. R. Civ. P.* 9(b) and must be pled with specificity. *Payan v. GreenPoint Mortgage Funding, Inc.*, 681 F. Supp. 2d 564, 573 (D.N.J. 2010) (granting judgment for movant where mortgagees failed to "identify any particular facts in support of their CFA claim nor do they plead the elements of a CFA claim"); *see also See Robey v. Sparc Grp. LLC,* A-50, 2024 N.J. LEXIS 255 (N.J. Mar. 25, 2024). Thus, bald assertions and conclusory statements that certain conduct is a "violation" of the CFA are insufficient to allege a cause of action. *See*

- 21 -

*Gruccio v. Baxter*, 135 N.J. Super. 290, 294 (Law Div. 1975) ("Liberal as our practice is, it does not justify the pleading of mere conclusions without facts . . . ."); *Rego Indus., Inc. v. Am. Modern Metals Corp.*, 91 N.J. Super. 447, 456 (App. Div. 1966).

The plain language of the statute also requires that, in order to state a claim for violation of the CFA, a plaintiff must allege misrepresentations or omissions "in connection with the sale or advertisement of any merchandise or real estate." N.J.S.A. 56:8-2. "To satisfy this requirement, '[t]he misrepresentation has to be one which is material to the transaction . . . made to induce the buyer to make the purchase.'" *Castro v. NYT Television*, 370 N.J. Super. 282, 294 (App. Div. 2004) (quoting *Gennari v. Weichert Co. Realtors,* 148 N.J. 582, 607 (1997)). Bald assertions that certain conduct is a "violation" of the CFA are simply insufficient to allege a cause of action. *See Gruccio v. Baxter*, 135 N.J. Super. 290, 294 (Law Div. 1975). Here, the allegations in the Complaint are completely devoid as to the heightened pleading requirements of any CFA claim.

Plaintiff's Complaint contains no factual allegations that meets this heightened pleading standard. Rather, Plaintiff bases her claim upon the allegation that Wells Fargo failed to provide her with a loan modification. As set forth above, Plaintiff is not entitled to a loan modification. The Complaint does not plead any

facts, let alone with requisite specificity, that Wells Fargo did anything "unlawful" or improper in connection with the Mortgage.

For these reasons, the allegations in Count Three of the Complaint are woefully insufficient and should be dismissed.

### C.    Plaintiff's Vague Allegations for Breach of Contract Fail

In Counts Four, Five, and Six, Plaintiff seemingly asserts allegations that Wells Fargo is in breach of contract and/or some contractual obligation to Plaintiff. *See DE 1-1 at 4-6.*  These claims fail.

To state a claim for breach of contract under New Jersey law, a claimant must allege: (1) the existence of a contract; (2) a breach of that contract; (3) damages flowing from that breach; and (4) that she herself performed her own contractual duties.  *See Video Pipeline Inc. v. Buena Vista Home Entertainment, Inc.*, 210 F. Supp.2d 552, 561 (D.N.J. 2002) (citing *Pub. Serv. Enter. Group, Inc. v. Phila. Elec. Co.*, 722 F. Supp. 184, 219 (D.N.J. 1989)); *see also In re Cendant Corp. Sec. Litig.*, 139 F. Supp.2d 585, 604 n. 10 (D.N.J. 2001) (noting that New Jersey law requires pleading of performance of movant's own contractual duties).

In order to establish a breach of contract claim against Wells Fargo, Plaintiff must prove that:

1.    The parties entered into a contract.
2.    The Plaintiffs did what the contract required them to do.
3.    The Defendant did not do what the contract required the Defendant to do.

> 4.    The Defendant's breach, or failure to do what the contract
>        required, caused a loss to the Plaintiffs.

*New Jersey Model Civil Jury Charge* 4:10A; *See Murphy v. Implicito*, 392 N.J. Super. 245, 265 (App. Div. 2007); *see also Coyle v. Englanders*, 199 N.J. Super. 212, 223 (App. Div. 1985). In plain language, for a contract to be formed there must be a meeting of the minds. *Meier v. New Jersey Life Ins. Co.*, 101 N.J. 597, 619-620 (1986).

In this action, Plaintiff does nothing more than make the conclusory allegation that Wells Fargo breached some contract or obligation because Wells Fargo did not provide her with a loan modification. Plaintiff's claims fail because she has not – and cannot – identify any provision of any contract that entitled her to a loan modification.

Plaintiff does not identify any terms of any contract that were actually violated. Wells Fargo unequivocally complied with all the terms of the written documents it had with Plaintiff. If any party has breached a contract, it is Plaintiff who defaulted under the terms of the Mortgage. *Van Dyke Cert., Ex. 1.* Plaintiff has not identified any contract that entitles her to a loan modification and her prior breach of the Mortgage dooms any breach of contract claim she is trying to assert here.

Additionally, the law in New Jersey is well settled that Plaintiff has no right to a loan modification. *Sinclair v. Citi Mortg., Inc.*, No. Civ.A.12-4261, 2013 WL

1010617, at *1 (3d Cir. Mar. 15, 2013); *Pennington v. HSBC Bank USA, N.A.*, 493 Fed.Appx. 548, 556, (5th Cir. 2012); *Stolba v. Wells Fargo*, 2011 WL 3444078 (D.N.J. Aug. 8, 2011); *Slimm v. Bank of America*, 2013 WL 1867035 (D.N.J. 1:12-cv-05846-NLH-JS, May 2, 2013); *In re Sharon O'Biso*, 462 B.R. 147 (D.N.J. Bkrtcy. Ct. 2011); *National Community Bank of New Jersey v. G.L.T. Industries, Inc.*, 276 N.J. Super. 1, 4 (App. Div. 1994) (holding that a borrower's completion of a loan application and paying of an application fee does not entitle borrower to a loan modification); *Glenfeld Financial Corporation v. Penick Corporation*, 276 N.J. Super. 163 (App. Div. 1994) (holding a lender has no obligation to alter the written terms of a loan agreement in order to offer a borrower a loan modification).

Plaintiff's breach of contract cause of action is therefore unsustainable and must be dismissed.

### D.    Plaintiff's Common Law Negligence and Fraud Claims Are Unsustainable

In Count Seven, Plaintiff asserts conclusory allegations for common law negligence and fraud against Wells Fargo with regard to the denial of a loan modification.  These claims also fail.

### 1.    Plaintiff's Negligence Claim Fails

To state a claim for negligence under New Jersey law, a plaintiff must allege that: (1) the defendant owed some duty to the plaintiff, (2) the defendant breached that duty; and (3) the plaintiff was damaged as a result of defendant's breach of that

duty. *Kelly v. Gwinnell,* 96 N.J. 538, 544 (1984); *Goldberg v. Housing Authority of Newark,* 38 N.J. 578, 583 (1962); *Brody v. Albert Lifson & Sons*, 17 N.J. 383, 389 (1955).

It is well-settled under New Jersey law that any negligence-based claim must be premised upon a breach of duty and a departure from the standard of care owed to another. *See Kernan v. One Wash. Park Urban Renewal Assocs.*, 154 N.J. 437, 445 (1998) ("To recover under a negligence theory, it is paramount that a defendant first owe the plaintiff a duty."); *Globe Motor Car Co. v. First Fid. Bank, N.A.*, 273 N.J. Super. 388, 393 (Law. Div. 1993), *aff'd*, 291 N.J. Super. 428 (App. Div.), *cert. denied*, 147 N.J. 263 (1996) ("Generally, to establish a negligence claim there must be a finding that the defendant owed some duty to the party complaining and a breach of that duty.").

Plaintiff's negligence cause of action fails in nearly every respect. As a threshold issue, Plaintiff's negligence claim fails because Plaintiff is unable to establish that Wells Fargo owed her any duty. In New Jersey, a lender does not owe a legal duty to a borrower, even if the borrower is a consumer. *See Paradise Hotel Corp. v. Bank of Nova Scotia*, 842 F.2d 47, 53 (3d Cir. 1988); *see also United Jersey Bank v. Kensey*, 306 N.J. Super. 540, 551 (App. Div. 1997) ("virtually unanimous rule is that creditor-debtor relationships rarely give rise to a fiduciary duty"). Since

- 26 -

Wells Fargo owes Plaintiff no legal duty, this renders any negligence claim fatally deficient.

Even if Plaintiff could somehow overcome the above – which she cannot – the proposed negligence claim still fails under the Economic Loss Doctrine. Under New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law. *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 316 (2002); *see also Stewart Title Guar. Co. v. Greenlands Realty LLC*, 58 F. Supp. 2d 370, 386 (D.N.J. 1999) ("[I]t has, thus, consistently been held that an independent tort action is not cognizable where there is no duty owed to the plaintiff other than the duty arising out of the contract itself."). "Where a party does not owe another duty of care absent the existence of a contract, a separate duty of care cannot simply arise by virtue of the existence of the contract." *Int'l Minerals and Mining Corp. v. Citicorp N. Am.*, 736 F. Supp. 587 (D.N.J. 1990).

As a matter of law, the Economic Loss Doctrine bars Plaintiff's negligence cause of action against Wells Fargo. *Sun Joon Park v. M&T Bank Corporation*, 2010 WL 1032649 *5-6 (D.N.J., March 16, 2010). Even if Plaintiff could allege a *prima facie* case for negligence, the relationship between Plaintiff and Wells Fargo was governed by contract law, *i.e.* the Mortgage. A contractual relationship unequivocally bars Plaintiff from seeking a cause of action under the tort theory of

negligence.  Therefore, Plaintiff's negligence claim cannot succeed as a matter of law and should be dismissed, with prejudice, in its entirety.

### 2.    Plaintiff Fails To State A Claim For Common Law Fraud

In Count Seven, Plaintiff merely states the word "fraud" and nothing more. *DE 1-1 at 6.*  Plaintiff's Complaint provides absolutely nothing to specify or support this alleged fraud claim.  Plaintiff does not plead his purported fraud claim with the specificity required for standard causes of action, never mind with the heightened specificity required for fraud claims.

To succeed on a fraud claim in New Jersey, a plaintiff must allege: (i) a material misrepresentation of a presently existing or past fact; (ii) a knowledge or belief by the defendant of its falsity; (iii) an intention that the plaintiff rely on it; (iv) reasonable reliance by the plaintiff; and (v) resulting damages.  *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997).  Notably, misrepresentation and reliance are the hallmarks of any fraud claim, and a fraud cause of action fails without them.  *Id.*; *see also Bonnco Petrol, Inc. v. Epstein*, 115 N.J. 599, 609-610 (1989).  Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake."  Therefore, the basic tenets of a fraud pleading require Plaintiff to state the "who," "what," "when," and "where" details of the alleged fraud.  *See Saporito v. Combustion Eng'g Inc.*, 843 F.2d 666, 675 (3d Cir. 1988), *vacated on other grounds*, 489 U.S. 1049 (1989).

Plaintiff has not pled any of the elements necessary to maintain a fraud claim, which is fatally deficient to this cause of action. This allegation should therefore be dismissed.

## IV.  PLAINTIFF FILED THE COMPLAINT IN AN IMPROPER JURISDICTION AND SHOULD THEREFORE BE DISMISSED PURSUANT TO RULE 12(B)(3).

Notwithstanding that Plaintiff's claims are barred by well-established preclusive doctrines and otherwise fail as a matter of law, the Court should nonetheless grant Wells Fargo's Motion to Dismiss pursuant to Rule 12(b)(3) because Plaintiff filed the Complaint in the wrong venue.

As set forth above, each one of the allegations in Plaintiff's Complaint relate to the alleged claims that were directly at issue in the *Ryder* Class Action.  In that class action, the Southern District Court of Ohio's January 25, 2022 Order explicitly states that it retains "jurisdiction over the subject matter of the Settlement and all parties in this matter, the Settlement Agreement and Settlement."  *Van Dyke Cert., Ex. 5 at 2.*

Federal courts routinely find, in instances like this, that challenges to class action settlements remain in the original court's jurisdiction. *See Haro v. Household Int'l*, No. 03-cv-3558-DKC, 2004 U.S. Dist. LEXIS 25860, at *2 (D. Md. Dec. 21, 2004) (dismissing plaintiff's claims and allowing "her right to refile in the Northern District of California," which retained continuing jurisdiction with regard to the class

action settlement "to construe, enforce and administer the Settlement Agreement and the Settlement."); *see also United States v. American Soc'y of Composers (In re Karmen)*, 32 F.3d 727, 731-32 (2nd Cir. 1994); *United States v. American Soc'y of Composers*, 442 F.2d 601, 603 (2nd Cir. 1971); *Battle v. Liberty Nat'l Life Ins. Co.*, 877 F.2d 877, 880-81 (11th Cir. 1989).

Plaintiff's remedy, *if any*, exists in the Southern District Court of Ohio, where she has "the right to present to the [settlement court] claim that [she is] not bound by the settlement reached." *See Magnolia v. Conn. Gen. Life Ins. Co.*, 157 F. Supp.2d 583, 587 (D.Md. 2001); *see also In re Doctors Health, Inc.*, No. 05-cv-01493-L, 2008 U.S. Dist. LEXIS 123727, at *9 (D. Md. Mar. 28, 2008) ("Given this explicit retention of jurisdiction, [plaintiff's] arguments that it is not a party to the Class Action . . . and that the claims litigated in the adversary proceeding do not constitute Released Claims are properly heard by the Class Action court.").

Accordingly, Plaintiff's filing of this action in New Jersey courts, whether that be federal or state, is improper and the Court should dismiss this action pursuant to Rule 12(b)(3) for improper venue.

## **CONCLUSION**

For all of the reasons stated herein, Wells Fargo respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint, with prejudice, because any amendment would be futile.

**REED SMITH LLP**

*/s/Greyson K. Van Dyke*
Greyson K. Van Dyke

Dated:  April 26, 2024