UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWN DOHERTY F/K/A DAWN FURLONG,<br><br>    Plaintiff,<br>  v.<br><br>WELLS FARGO HOME MORTGAGE, and/or WELLS FARGO BANK, WELLS FARGO FINANCIAL SERVICES COMPANY, WELLS FARGO AND COMPANY and/or "JOHN DOE" or "JAME DOE" (their names being fictitious and unknown to Plaintiff) and/or "XYZ CORP" (its name being fictitious and unknown to Plaintiff),<br><br>    Defendants. | Civil Action No. 24-00362 (JXN) (CLW)<br><br>**OPINION** |

**NEALS**, District Judge:

This matter comes before the Court on the motion of Defendant Wells Fargo Bank, N.A., incorrectly identified separately as Wells Fargo Home and/or Wells Fargo Bank, Wells Fargo Financial Services Company, and Wells Fargo and Company (collectively, "Wells Fargo"), to dismiss Plaintiff Dawn Doherty f/k/a Dawn Furlong's ("Plaintiff") Complaint (ECF No. 1-1) ("Complaint" or "Compl.") pursuant to Federal Rules of Civil Procedure 12(b)(1), (3), and (6)[1] (ECF No. 19), and Plaintiff's cross-motion for leave to file an amended complaint (ECF No. 37). The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Wells Fargo's motion to dismiss is **GRANTED** (ECF No. 19) and the

---

[1] Because the Court dismisses the Complaint under Federal Rules of Civil Procedure 12(b)(1) and (3), it does not address the 12(b)(6) arguments.

Complaint (ECF No. 1-1) is **DISMISSED without prejudice** to Plaintiff to pursue her claims in the United States District Court for the Southern District of Ohio. Plaintiff's motion for leave to amend the Complaint is **DENIED as moot** (ECF No. 37).

I.     **BACKGROUND AND PROCEDURAL HISTORY**[2]

    A. **The Mortgage**

On December 8, 2005, Plaintiff and James Furlong ("Furlong") executed a fixed rate note in the amount of $263,500.00 (the "Mortgage") with Mortgage Electronic Registration Systems, Inc., as nominee for NJ Lenders Corp. (Certification of Greyson K. Van Dyke ("Van Dyke Cert."), Ex. 1 at ¶¶ 1-2, ECF No. 19-3).[3] On December 27, 2005, the Mortgage was properly recorded and secured against real property located at 42 South Demarest Avenue, Bergenfield, New Jersey 07621. (*Id.* at ¶¶ 2-3). The Mortgage was assigned to Wells Fargo on July 21, 2011, and recorded on July 27, 2011. (*Id.* at ¶ 4).

In 2011, Plaintiff was divorcing Furlong and applied for a loan modification to Wells Fargo due to her inability to make the monthly loan payments after her divorce. (Compl. ¶ 3). Wells Fargo denied the loan modification. (*Id.* at ¶ 4). Plaintiff subsequently "c[a]me to learn that her application for a loan modification was wrongfully denied and that her application for modification of her mortgage(s) and/or entry into a modification trial payment plan by [Wells Fargo] should have been granted." (*Id.* at ¶ 5).

---

[2] The following factual allegations are taken from the Complaint that are accepted as true. *Sheridan v. NGK Metals Corp.,* 609 F.3d 239, 262 n.27 (3d Cir. 2010).

[3] When reviewing a motion to dismiss, the Court may consider any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotation marks omitted). Furthermore, in deciding a motion to dismiss for lack of subject matter jurisdiction, the Court is not restricted to the facts pled in the complaint, "but may review any evidence" to resolve disputes regarding its jurisdiction. *See C. Jack Friedman, Ph.D. & Assocs., P.C. v. Pa. Blue Shield*, 836 F. Supp. 263, 266 (E.D. Pa. 1993), *aff'd*, 30 F.3d 1486 (3d Cir. 1994).

On September 14, 2012, Wells Fargo initiated a residential foreclosure action in the Superior Court of New Jersey. (Van Dyke Cert, Ex. 1, ECF No. 19-3). On January 23, 2015, the state court entered a Final Judgment in the foreclosure action. (Van Dyke Cert., Ex. 2, ECF No. 19-3).

Thereafter, in an April 8, 2016 letter, Wells Fargo offered Plaintiff and Furlong a streamlined modification, conditioned on Plaintiff and Furlong "making *three trial payments* and then continuing to make those payments on time." (Supplemental Certification of Greyson K. Van Dyke ("Van Dyke Supp. Cert."), Ex. 1, ECF No. 39-1 at 4). The letter was addressed to Plaintiff and Furlong at 42 South Demarest Avenue, Bergenfield, New Jersey 07621. (*Id.*)

### B. The *Ryder* Class Action

On August 2, 2019, Ethan Ryder and others, on behalf of themselves and all others similarly situated, filed a complaint against Wells Fargo in the United States District Court for the Southern District of Ohio (Case No. 19-638) ("*Ryder* Class Action"). (Van Dyke Cert., Ex. 3, ECF No. 19-3 at 27). In the *Ryder* Class Action, the "[p]laintiffs assert[ed] that Wells Fargo erroneously denied loan modifications to 3,000 homeowners due to a calculation 'error' within the software it used to process loan modifications." (Van Dyke Cert., Ex. 4, ECF No. 19-3 at 48).[4]

Thereafter, the parties reached a settlement in the *Ryder* Class Action. (*See generally* Van Dyke Cert., Ex. 3, ECF No. 19-3). The United States District Court for the Southern District of Ohio appointed JND Legal Administration ("JND") as the Settlement Administrator for the *Ryder* Class Action. (*See* Supplemental Declaration of Ryan Bahry ("Bahry Decl."), ECF No. 19-4 at ¶ 2). JND received spreadsheets from Wells Fargo containing names and mailing addresses, among

---

[4] For sake of clarity, when citing the parties' briefs and supporting documents, the Court cites to the page number listed in the ECF header. If there is no page number listed in the ECF header, the Court cites to the page number listed in the respective document.

3

other things, and social security numbers of the majority of individuals identified as settlement class members. (*Id.* at ¶ 4). Plaintiff and Furlong were identified as class members. (*Id.*)

In accordance with the settlement, on October 15, 2021, JND mailed out the court-approved Class Notice to all settlement class members. (*Id.* at ¶ 5). A copy of the Class Notice was sent to Plaintiff and Furlong at 42 South Demarest Avenue, Bergenfield, New Jersey 07621. (*Id.*) The Class Notice stated: "**If Wells Fargo sent you a letter stating that it mistakenly denied you a trial loan modification and you did not lose your home to foreclosure by Wells Fargo, you could get a payment from a class action settlement.**" (Bahry Decl., Ex. A, ECF No. 19-4 at 7). The Class Notice also outlined the following legal rights and options regarding the settlement:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | Get a payment. Give up rights. |
| **OBJECT** | Write to the Court about why you don't like the settlement. **The deadline for submitting a written objection is November 29, 2021.** |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. **The Final Fairness Hearing is scheduled for January 25, 2022.** |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be a part of another lawsuit against Wells Fargo about the legal claims in this case. **The deadline to exclude yourself is November 29, 2021.** |

(*Id.*)

The Class Notice also addressed who constituted a member of the *Ryder* Class Action, which stated in pertinent part:

### WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine whether you are a Class Member.

**5.    How do I know if I am part of the settlement?**

You are a member of the Class if the calculation error caused Wells Fargo not to offer you a trial loan modification (even though you qualified for one) but Wells Fargo did not foreclose upon your home. You likely received a letter from Wells Fargo in 2019 or 2021 regarding the error, and the Parties believe based on Wells Fargo's records that you are likely a class member.

The Court's description of the Class is as follows:

> All persons in the United States who between 2010 and 2018 (i) qualified for a home loan modification or repayment plan pursuant to the requirements of government-sponsored enterprises (such as Fannie Mae and Freddie Mac), the Federal Housing Administration (FHA), the U.S. Department of Treasury's Home Affordable Modification Program (HAMP); (ii) were not offered a home loan modification or repayment plan by Wells Fargo because of excessive attorneys' fees being included in the loan modification decisioning process; and (iii) whose home Wells Fargo did not sell in foreclosure.

(*Id.* at 10). The Class Notice was not returned to JND as undeliverable. (Bahry Decl., ¶ 5).

Thereafter, the Class plaintiffs filed an unopposed motion for final approval of the *Ryder* Class Action, which included a table describing the five categories of settlement payment amounts to be paid out to class members:

| Category | Description | Allocation |
|---|---|---|
| Short Sale | Class Member sold his or her property in a short sale. | $19,000 per loan for Short Sale Class Member, in addition to any sums already received separately from Wells Fargo. |
| Service Transfer: Service Transfer—Foreclosed and Serviced Transfer—Not Foreclosed | Service and management of the Class Member's mortgage and loan were transferred from Wells Fargo to another entity. Some of these Class Members were subsequently foreclosed upon, but are not members of the *Hernandez*[5] Class because their homes were not foreclosed by Wells Fargo. | Service Transfer—Foreclosed: $13,000 per loan for Service Transfer Class Member whose home was subsequently foreclosed upon, though not by Wells Fargo, in addition to any sums already received separately from Wells Fargo. Service Transfer—Not Foreclosed: For Service Transfer Class Members whose properties were not foreclosed upon, the Allocation Plan provided a |

---

[5] *Hernandez v. Wells Fargo Bank, N.A.*, No. 18-07354 (N.D. Cal.).

|  |  | $5,000 payment per loan in addition to any sums already received separately from Wells Fargo. |
|---|---|---|
| Paid in Full | Class Members who have paid off their mortgage. | $5,000 per loan for Paid in Full Class Members, in addition to any sums already received separately from Wells Fargo. |
| Active | Class Members who are still actively paying on their mortgages. | $4,000 per loan for Active Class Members, in addition to any sums already received separately from Wells Fargo. |
| Sub-Modification | Class Members who were initially denied a modification due to Wells Fargo's error, but whose error was subsequently fixed and were provided a modification. | $1,000 per loan for Sub-Modification Class Members, in addition to any sums already received separately from Wells Fargo. |

(Van Dyke Cert., Ex. 4, ECF No. 19-3 at 50-51). Wells Fargo contends Plaintiff falls within the "Sub-Modification" category because Wells Fargo offered Plaintiff and Furlong a modification on their Mortgage. (*See* Reply at 6-7).

On January 25, 2022, the United States District Court for the Southern District of Ohio entered an Order granting final approval of the class action settlement and awarding attorneys' fees, litigation expenses, and class representative service awards ("January 25, 2022 Order"). (*See* Van Dyke Cert., Ex. 5, ECF No. 19-3). The January 25, 2022 Order stated, in relevant part: "The Court has jurisdiction over the subject matter of the Settlement and all parties in this matter, the Settlement Agreement and Settlement." (Van Dyke Cert., Ex. 5, ECF No. 19-3, at 73). The United States District Court for the Southern District of Ohio further found that "due and adequate notice was given in last 2021 to the potential class members of their right to be excluded from the Class" and that "due and adequate notice was given of the Settlement, the Allocation of the Settlement Proceeds, Class Counsel's request for attorneys' fees and reimbursement of litigation expenses,

6

Service Awards for Class Representatives, and that the form and method for providing such Notice to the Class." (*Id.* at 73-74).

In regard to the release and waiver of claims against Wells Fargo, the January 25, 2022 Order further provided:

> Wells Fargo is hereby released and forever discharged from any and all of the Released Claims. All Class Members are hereby forever barred and enjoined from asserting, instituting or prosecuting, directly or indirectly, any of the Settled Class Claims in any court or other forum against any of the Released Party. All Class Members are bound by the Settlement Agreement and hereby are forever barred and enjoined from taking any action in violation of the Settlement Agreement.

(*Id.* at 76).

Further, the January 25, 2022 Order explicitly provided the United States District Court for the Southern District of Ohio "continuing jurisdiction" as follows:

> Without affecting the finality of this Order in any way, this Court hereby reserves and retains continuing jurisdiction over: (a) implementation and enforcement of any award or distribution from the Settlement Fund; (b) disposition of the Settlement Fund; and, (c) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

(*Id.* at 77).

Thereafter, on March 15, 2022, JND mailed Plaintiff and Furlong a check for $1,000, which "represent[ed] [their] payment as a Class Member in the *Ryder, et al. v. Wells Fargo Bank, N.A.*, class action lawsuit[.]"[6] (Van Dyke Cert., Ex. 6; Bahry Decl., ¶ 6). The check was mailed to Plaintiff and Furlong at 42 South Demarest Avenue, Bergenfield, New Jersey 07621, but was returned to JND as undeliverable. (Bahry Decl., ¶ 6). Thereafter, JND "conducted advanced address research through TransUnion," located an updated address for Plaintiff and Furlong, and

---

[6] It appears from the record before the Court that Wells Fargo foreclosed on 42 South Demarest Avenue, Bergenfield, New Jersey 07621 in 2015, (*see* Van Dyke Cert., Ex. 2, ECF No. 19-3), over a year before Wells Fargo sent Plaintiff and Furlong a letter offering a streamlined modification, (*see* Van Dyke Supp. Cert., Ex. 1, ECF No. 39-1 at 4). The Sub-Modification Class commensurate with the $1,000.00 payment appears inconsistent with a foreclosed upon class member. The timing of the foreclosure action and issuance of the settlement payment further confound Plaintiff and Furlong's class designation.

7

reissued and on April 20, 2022, mailed the check to a Boca Raton, Florida address. (*Id.* at ¶ 7). The check was not returned to JND as undeliverable. (*Id.*) On June 13, 2022, JND subsequently mailed a reminder notice to Plaintiff and Furlong at the Boca Raton, Florida address, advising them that JND's "records show[ed] [Plaintiff and Furlong] ha[d] not cashed [the check] or deposited it yet." (Bahry Decl., Ex. B, ECF 19-4). The reminder notice similarly was not returned to JND as undeliverable.[7] (Bahry Decl., ¶ 8).

### C. The Current Action

On December 20, 2023, Plaintiff filed a complaint in the Superior Court of New Jersey, Law Division, Bergen County against Wells Fargo. (*See* ECF No. 1-1). Thereafter, on January 22, 2024, Wells Fargo removed the case to federal court. (*See* ECF No. 1).

On May 22, 2024, Wells Fargo moved to dismiss the Complaint. (ECF No. 19) ("Br."). On July 1, 2024, Plaintiff opposed the motion and cross-moved for leave to file an amended Complaint. (ECF Nos. 33, 37) ("Opp'n"). On July 25, 2025, Wells Fargo replied in further support of its motion to dismiss and opposed Plaintiff's cross-motion. (ECF No. 39) ("Reply"). This matter is now ripe for consideration.

## II. LEGAL STANDARDS

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

A complaint may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Challenges to subject matter jurisdiction can be either 'facial' or 'factual.'" *Smolow v. Hafer*, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*,

---

[7] In her opposition to the motion to dismiss, Plaintiff submitted documentation from Wells Fargo to support her contention that Wells Fargo knew her actual mailing address – 27 Woods Avenue Apartment #2, Bergenfield, New Jersey 07621 – and had been sending her correspondence to that address. (*See* Certification of Dawn Doherty ("Doherty Cert."), Ex. A-C, ECF No. 28). As discussed *infra*, the United States District Court for the Southern District of Ohio is the appropriate venue to determine whether Plaintiff received adequate notice of the *Ryder* Class Action.

8

549 F.2d 884, 891 (3d Cir. 1977)). In considering a Rule 12(b)(1) motion to dismiss, a district court must first determine whether the motion "attack[s]" (1) the complaint as deficient on its face; or (2) "the existence of subject matter jurisdiction in fact, . . . apart from any pleadings." *Mortensen*, 549 F.2d at 891.

A "facial attack" asserts that the "plaintiff did not properly plead jurisdiction," whereas a "factual attack" involves an averment that "jurisdiction is lacking based on facts outside of the pleadings . . . ." *Smolow*, 353 F. Supp. 2d at 566 (citation omitted). In a "facial attack", the court must "consider the allegations of the complaint as true." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (internal quotation marks omitted). On a "factual" attack, the Court may "weigh and consider evidence outside the pleadings" and no "presumptive truthfulness attaches to the plaintiff's allegations." *Id.* at 346 (cleaned up). In both scenarios, the plaintiff bears the burden of proving jurisdiction. *Id.*

### B. Motion to Dismiss for Improper Venue

Federal Rule of Civil Procedure 12(b)(3) allows a party to move for dismissal due to improper venue. "The movant has the burden of demonstrating that venue is improper." *Al-Ghena Int'l Corp. v. Radwan*, 957 F. Supp. 2d 511, 519 (D.N.J. 2013) (citing *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982)); *see also Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 160 (3d Cir. 2012). When considering a Rule 12(b)(3) motion, the court accepts well-pleaded allegations in the complaint as true, unless contradicted by the defendant's affidavits. *Bockman*, 459 F. App'x at 158 n.1 (3d Cir. 2012) (citations omitted). In addition, the court determines whether venue is proper in accordance with the nature of the action. *Id.* at 161-62.

### III.  DISCUSSION

Wells Fargo argues the Complaint is barred by the doctrines of *res judicata* and collateral estoppel because Plaintiff is a member of the *Ryder* Class Action and her claims were already dismissed by the January 25, 2022 Order.  (Br. at 20-24).  In opposition, Plaintiff argues she did not constitute a member of *Ryder* Class Action and is not bound by the Settlement Agreement because she never received adequate notice of the *Ryder* Class Action.  (Opp'n at 10-14).  As the Court finds the United States District Court for the Southern District of Ohio is the proper court to determine whether Plaintiff, (i) constituted a member of the *Ryder* Class Action, (ii) received adequate notice, and (iii) is precluded from raising her current claims, the Court declines to exercise subject matter jurisdiction.

"The Supreme Court has recognized that it is within a court's purview to retain jurisdiction over the enforcement of a settlement agreement where it 'had been made part of the order of dismissal–either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.'" *Hankins v. CarMax, Inc.*, No. 11-3685, 2012 WL 113824, at *5-6 (D. Md. Jan. 13, 2012) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)).  In *Magnolia v. Connecticut General Life Insurance Co.*, 157 F. Supp. 2d 583, 587 (D. Md. 2001), the court dismissed an action where the United States District Court for the Central District of California retained jurisdiction over "enforcement and interpretation" of a class settlement.  The court noted that "[i]t would make no sense for the California Court to retain jurisdiction to interpret and apply its own judgment but permit another court to construe what it meant in that judgment." *Id.*; *see also Flanagan v. Arnaiz*, 143 F.3d 540, 545 (9th Cir. 1998) ("[I]t would make no sense for the district court to retain

jurisdiction to interpret and apply its own judgment to the future conduct contemplated by the judgment, yet have a state court construing what the federal court meant in the judgment.").

Courts have also consistently dismissed complaints for lack of subject matter jurisdiction where a state court has retained jurisdiction to enforce the terms of a settlement agreement and resolve disputes pertaining to the settlement agreement. *See, e.g.*, *Chevaldina v. Katz*, No. 17-22225, 2018 WL 10517555, at *6-7 (S.D. Fla. Feb. 21, 2018) (dismissing action for lack of subject matter jurisdiction "because the state court ha[d] retained jurisdiction to enforce the Parties' Settlement Agreement"); *Tomerlin v. Johns Hopkins Univ., Inc.*, 689 F. App'x 578, 578-79 (9th Cir. 2017) ("The district court properly dismissed Tomerlin's action for lack of subject matter jurisdiction because the Maryland state court retains exclusive jurisdiction over the interpretation and enforcement of the settlement agreement that is the subject of this dispute."); *Hankins*, 2012 WL 113824, *5-6 (dismissing case relating to breach of a settlement agreement because state court retained jurisdiction over all matters relating to the agreement); *Bar Codes Talk, Inc. v. GS1 US, Inc.*, No. 10-1462, 2010 WL 4510982, at *1-3 (M.D. Fla. Nov. 2, 2010) (explaining that federal decisions "support the notion that a district court may dismiss an action where, as here, a state court retains exclusive jurisdiction over a settlement agreement," and dismissing the plaintiff's claims because the Washington state court retained exclusive jurisdiction to construe, interpret, and enforce a settlement agreement encompassing the plaintiff's claims); *House v. Aiken Cnty. Nat'l Bank*, 956 F. Supp. 1284, 1292 (D. S.C. 1996) (dismissing a case without prejudice to allow the plaintiff to return to state court where the state court retained jurisdiction over a settlement agreement).

Here, the January 25, 2022 Order provides, in pertinent part: "The Court has jurisdiction over the subject matter of the Settlement and all parties in this matter, the Settlement Agreement

11

and Settlement." (Van Dyke Cert., Ex. 5, ECF No. 19-3, at 73). The January 25, 2022 Order further provides:

> Without affecting the finality of this Order in any way, this Court hereby reserves and retains continuing jurisdiction over: (a) implementation and enforcement of any award or distribution from the Settlement Fund; (b) disposition of the Settlement Fund; and, (3) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

(*Id.* at 77). The parties' disputed issues reduce to: (i) whether Plaintiff constitutes a member of the *Ryder* Class Action, (ii) whether Plaintiff received adequate notice of the *Ryder* Class Action, and (iii) if Plaintiff is a member and received adequate notice, whether the allegations in the Complaint are barred. Pursuant to the January 25, 2022 Order, the United States District Court for the Southern District of Ohio retained exclusive and continuing jurisdiction over all matters relating to the implementation and enforcement of the Settlement Agreement. Accordingly, the Court finds that the Southern District of Ohio is the appropriate venue to decide the core issues in dispute.[8]

Accordingly, the Court dismisses the Complaint without prejudice to Plaintiff to pursue her claims in the United States District Court for the Southern District of Ohio.[9]

## IV.   CONCLUSION

For the reasons set forth above, Wells Fargo's motion to dismiss is **GRANTED** (ECF No. 19) and the Complaint (ECF No. 1-1) is **DISMISSED without prejudice** to Plaintiff to pursue her

---

[8] "In all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988), *aff'd*, 493 U.S. 182 (1990) (quoting *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941)). This policy of comity has served to counsel trial judges to exercise their discretion by enjoining the subsequent prosecution of "similar cases . . . in different federal district courts." *Id.* at 971 (quoting *Compagnie Des Bauxites De Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877, 887 n.10 (3d Cir. 1981), *cert. denied*, 457 U.S. 1105 (1982)); *see also Berkshire Intern. Corp. v. Marquez,* 69 F.R.D. 583, 586 (E.D. Pa. 1976). "The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank. It gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *Univ. of Pa*, 850 F.2d at 971-72 (quoting *Triangle Conduit & Cable Co. v. Nat'l Elec. Prods. Corp.,* 125 F.2d 1008, 1009 (3d Cir.), *cert. denied*, 316 U.S. 676 (1942)).

[9] As the Court dismisses Plaintiff's Complaint without prejudice for Plaintiff to pursue her claims in the United States District Court for the Southern District of Ohio, the Court denies Plaintiff's motion for leave to file an amended complaint (ECF No. 37) without prejudice pending the United States District Court for the Southern District of Ohio's decision.

claims in the United States District Court for the Southern District of Ohio. Plaintiff's motion for leave to amend the Complaint is **DENIED as moot** (ECF No. 37).

DATED: 12/12/2024

HONORABLE JULIEN XAVIER NEALS
United States District Judge